Michael WARNER, Appellant,

v.

The STATE of Texas.

No. 0726–97.

Court of Criminal Appeals of Texas, En Banc.

April 29, 1998.

Terrance W. Kirk, Austin, for Appellant.

C. Bryan Case, Assistant District Attorney, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

In July 1994, the Travis County Grand Jury indicted appellant, Michael Warner, for the felony offenses of aggravated kidnapping, aggravated assault, and arson. See Tex. Penal Code §§ 20.04, 22.02, and 28.02. Shortly before trial, the State filed a motion in limine requesting, *inter alia*, that appellant be instructed not "to refer to, mention, inquire about, or allude to, either directly or indirectly, any of the following matters without first having taken up the matter with the Court out of the presence of the jury: ... Any evidence ... that [appellant] has attended or completed any counseling or other rehabilitation for any ... stress disorder ... [he] may have suffered from prior to, during or after the commission of the offenses that are the subject of the trial." The trial court held a hearing on the State's motion in limine just before voir dire, and at that hearing appellant objected to the portion of the motion in question. Appellant explained to the trial court that he intended to offer evidence at the guilt/innocence stage that he had been a veteran of the Vietnam War, that he suffered from "post-traumatic stress disorder" (PTSD), and that he had received counseling for that disorder. Appellant, citing *Cowles v. State*, 510 S.W.2d 608 (Tex.Crim.App.1974),[1] argued that such evidence was admissible to prove that he had not had the specific intent necessary to commit the offenses of aggravated kidnapping and arson. Appellant did not, however, define "post-traumatic stress

---

1. In *Cowles v. State,* we recognized that evidence of a defendant's abnormal mental condition falling short of legal insanity is admissible whenever that evidence is relevant to the issue of whether he had the mental state that is a necessary element of the crime charged. See *Cowles v. State,* 510 S.W.2d at 610; 1 W. LaFave & A. Scott, *Substantive Criminal Law* § 4.7(c) at 530 (1986).

disorder" for the court or explain how he intended to prove that he suffered from the disorder. Appellant also did not explain how evidence of PTSD would be relevant to the question of specific intent.

In response to appellant's arguments, the State, citing various cases from this Court and lower courts, argued that evidence of appellant's alleged PTSD was inadmissible under Texas law. After hearing the arguments of both sides, the trial court stated, "I wish I had the benefit of hours to study these cases and think about this, but obviously I don't, so I'm going to grant the State's motion in limine and make a finding that [evidence of PTSD] is admissible at the punishment stage [but not at the guilt/innocence stage]."

Appellant did not offer the evidence in question at the guilt/innocence stage, and the jury found him guilty of the offenses charged. The trial court then sentenced appellant to imprisonment for 42 years for the aggravated kidnapping offense, ten years for the aggravated assault offense, and twenty years for the arson offense, all of the sentences to run concurrently.

■ On appeal, appellant contended, *inter alia,* that the trial court had erred in excluding evidence of his alleged PTSD at the guilt/innocence stage of his trial, but the Third Court of Appeals rejected his argument and affirmed the judgment of the trial court. *Warner v. State,* 944 S.W.2d 812, 815–816 (Tex.App.—Austin 1997). We granted appellant's petition for discretionary review to determine whether the Court of Appeals had erred in rejecting appellant's argument. We conclude now that our decision to grant appellant's petition was improvident, because, as the record plainly reflects, appellant did not preserve his complaint for appellate review.

■ Texas Rule of Criminal Evidence 103(a)(2) provides that error may not be predicated upon a ruling which excludes evidence unless a substantial right of a party is affected and the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which questions were asked. An offer of proof may be in question-and-answer form, or it may be in the form of a concise statement by counsel. *Love v. State,* 861 S.W.2d 899, 901 (Tex.Crim.App.1993); Tex.R.Crim. Evid. 103(b). An offer of proof to be accomplished by counsel's concise statement must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible. *Love v. State,* 861 S.W.2d at 901; 1 J. McLaughlin, *et al., Weinstein's Federal Evidence* § 103.20[2] (2nd ed.1997); 1 J. Strong, *et al., McCormick on Evidence* § 51 (4th ed.1992); Annot., *Ruling on Offer of Proof as Error,* 89 A.L.R.2d 279, 282 (1963); 88 C.J.S. *Trial* § 80 (1955). In the case at bar, appellant did not make an adequate offer of proof before or during the guilt/innocence stage.

In addition, we have held that a ruling on a State's motion in limine that excludes defense evidence is subject to reconsideration throughout trial and that to preserve error an offer of the evidence must be made at trial. *Fuller v. State,* 827 S.W.2d 919, 929 n. 10 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993); see G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 42.53 (1995). In the case at bar, appellant did not offer the PTSD evidence at the guilt/innocence stage.

Appellant's petition is dismissed. See Tex. R.App. Proc. 69.3. As in all cases in which we dismiss a petition for discretionary review as improvidently granted, that dismissal must not be construed as approval of the reasoning or holding of the Court of Appeals. *Tompkins v. State,* 888 S.W.2d 825 (Tex. Crim.App.1994).

KELLER, J., joins the judgment of the Court but not its opinion.