NO. 12-02-00273-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HECTOR PEDRO IBARRA,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 CRIMINAL DISTRICT COURT #2


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS

 

MEMORANDUM OPINION


 Hector Pedro Ibarra ("Appellant") appeals his conviction for aggravated assault, for which 
he was sentenced to imprisonment for fifty years. Appellant raises three issues on appeal. We affirm.


Background

 On February 22, 2001, Appellant had an argument with Demetrius Ladd ("Ladd") concerning
a telephone bill. (1) Following the argument, Appellant left Ladd's house, but soon returned as Ladd
and some friends were leaving to play basketball. One of Ladd's friends, Sammy Maxwell
("Maxwell"), testified that he saw Appellant standing at the bottom of the stairs holding a gun. As
Ladd descended the stairs, Appellant confronted Ladd and pointed the pistol at him. The two men
argued briefly and Appellant fired two shots. As Appellant fired, Ladd, who was struck by both
shots, fled up the stairs and hid with Maxwell in a closet inside the house. Eventually, Maxwell
emerged from the closet and called 9-1-1 to assist with Ladd's injuries. Appellant fled the scene and
was not apprehended for three months.

 Appellant was indicted for attempted murder and aggravated assault. The indictment also
contained two enhancement paragraphs - one for voluntary manslaughter (2) and the other for attempted
murder. Appellant pleaded not guilty and the matter proceeded to jury trial on the aggravated assault
charge.

 Ultimately, the jury found Appellant guilty as charged and, finding the enhancement
paragraphs in the indictment to be true, recommended Appellant's punishment at imprisonment for
fifty years. The trial court sentenced Appellant accordingly and this appeal followed.


Improper Jury Argument

 In his first issue, Appellant argues that the following statement by the prosecuting attorney
was improper:


 That's why we have the Habitual Offender law because for some people they are too dangerous to remain in the
community, and this is one of those individuals. Because when he's out and when he becomes upset, people get
hurt. People die.



Appellant concedes that he failed to make any objection to the prosecuting attorney's statement. The
State contends that Appellant has, therefore, waived this issue. We agree.

 It is a prerequisite to presenting a complaint for appellate review that the record show that (1)
the appellant made the complaint to the trial court by a timely request, objection, or motion that stated
the grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific grounds were apparent
from the context and complied with the requirements of the Texas Rules of Evidence or the Texas
Rules of Appellate Procedure, and (2) the trial court ruled on the request, objection, or motion, either
expressly or implicitly, or refused to rule on the request, objection, or motion and the complaining
party objected to such refusal to rule. See Tex. R. App. P. 33.1(a). Nonetheless, Appellant urges that
we consider the issue in spite of his failure to object, arguing that the harmfulness of the argument
was so egregious that no objection was necessary. 

 In Cockrell v. State, the appellant argued that he should be excused from having failed to
object properly to the prosecutor's alleged improper argument because the argument was so
prejudicial that an instruction to disregard could not have cured the error. See Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). The court of criminal appeals reasoned that a defendant's
"right" not to be subjected to incurable erroneous jury arguments is one of those rights that is
forfeited by a failure to insist upon it. Id. The court held that a defendant's failure to object to a jury
argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument
forfeits his right to complain about the argument on appeal. Id. The holding in Cockrell applies to
claims of improper jury argument, even in which an appellant argues that the improper argument
violates his rights under the United States and Texas constitutions. See Tidmore v. State, 976 S.W.2d
724, 731-32 (Tex. App.-Tyler 1998, pet. ref'd). Accordingly, we hold that by failing to object to the
prosecuting attorney's allegedly improper argument, Appellant forfeited his right to complain about
such argument on appeal. See Tex. R. App. P. 33.1(a); Cockrell, 933 S.W.2d at 89; Tidmore, 976
S.W.2d at 731-32. Appellant's first issue is overruled.


Gang-Related Evidence

 In his second issue, Appellant argues that the trial court erred by improperly excluding
evidence of Ladd's gang affiliation. The State argues that Appellant has waived this issue because
he failed to properly make an offer of proof to the trial court.

 Error may not be predicated upon a ruling which excludes evidence unless a substantial right
of a party is affected and the substance of the evidence was made known to the court by offer of proof
or was apparent from the context within which questions were asked. See Warner v. State, 969
S.W.2d 1, 2 (Tex. Crim. App. 1998); Tex. R. Evid. 103. An offer of proof must include a reasonably
specific summary of the evidence offered and must state the relevance of the evidence, unless the
relevance is apparent, so that the trial court can determine whether the evidence is relevant and
admissible. Id. A State's motion in limine that excludes defense evidence is subject to
reconsideration throughout trial, but to preserve error an offer of the evidence must be made at trial
before the court's charge is read to the jury. Id.

 In the case at hand, the trial court sustained the State's motion in limine with respect to any
mention of criminal street gang affiliation or membership by the victim. At trial, during a bench
conference, Appellant sought to admit the evidence of Ladd's gang affiliation over the State's
objections on relevance grounds. The trial court sustained the State's objections. Appellant stated
to the court, "Now I'm going to have to get a record on some of this." 

 The court responded, "Yeah. After we finish up, you can put a record on." Later in the
proceedings, the following exchange occurred between the trial court and Appellant's counsel:


 THE COURT: Okay. All right. Then who else you have? Anybody?


 [COUNSEL]: I think that's all I've got except for trying to build my record on
the bill.


 THE COURT: All right. Well, I'm just trying to figure out how many witnesses. 
Are you through?


 [COUNSEL]: Before we leave today, I'd like to get some kind of a
[prospective] date and time on that.


 THE COURT: Listen, when they're deliberating, you can put anything you want
on the record.


 [COUNSEL]: Other than that, I'm fixing to rest.



When the proceedings resumed the next morning, Appellant's counsel again discussed making an
offer of proof to the trial court. The following transpired:


 [COUNSEL]: The Court has instructed me specifically that my bill or my record
for appeal - 


 THE COURT: Gilbert, I will give you your bill.


 [COUNSEL]: Thank you, sir.


 THE COURT: All right? Before the day is out you can have anything you want. 
Okay?


 [COUNSEL]: Or a[t] such time as we can agree upon.


 THE COURT: For the 10th time you can have it. Okay?


 [COUNSEL]: Thank you, sir.



 The trial court then proceeded to read its charge to the jury and submitted the case to it for
deliberation. Appellant never requested that the trial court allow his offer of proof prior to the court's
reading the charge to the jury, brought the trial court's attention to the deadline for offers of proof set
forth in Rule 103, or otherwise objected to the court's failure to permit his offer prior to its reading
the charge. Appellant made no further requests to make an offer of proof throughout the punishment
phase prior to the court's reading its charge on punishment to the jury. 

 Based on our review of the record, Appellant never made an offer of proof in either phase of
the trial prior to the trial court's reading its charge to the jury. Indeed, Appellant brought the matter
to the trial court's attention on at least three occasions. But in each instance, the trial court told
Appellant he would be permitted to make his offer. Ultimately, the deadline - the court reading its
charge to the jury - passed without Appellant's securing an offer of proof. 

 The case at hand does not concern a trial court's refusal of a party's absolute right to make
an offer of proof. See Spence v. State, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988). (3) The trial court
never refused Appellant's request. However, the trial court did indicate that it planned to conduct
Appellant's offer of proof while the jury was deliberating. Rule 103 is clear that an offer of proof
must be made before the charge is read to the jury. See Tex. R. Evid. 103(b). Moreover, the burden
to preserve error rests on Appellant. See Tex. R. App. P. 33.1(a). As such, when the trial court made
it clear to Appellant that it intended to conduct his offer of proof in an untimely fashion, Appellant
was obliged to object or otherwise request that he be permitted to make his offer of proof timely in
accordance with Rule 103(b). 

 Since our review of the record does not indicate that the substance of the evidence Appellant
sought to offer was apparent by context, and since no offer of proof was timely made, Appellant, by
his failure to preserve error, waived the issue on appeal. See Tex. R. Evid. 103; Tex. R. App. P.
33.1(a). Appellant's second issue is overruled.


Exclusion of Medical Evidence

 In his third issue, Appellant claims that the trial court improperly excluded a page of Ladd's
medical records, which contained evidence that Ladd's urine contained traces of marijuana. The
State argues that Appellant has waived the issue.

 In his brief, Appellant refers us to a portion of the record in which he claims the trial court
excluded the medical records at issue. At the stage of the proceedings to which Appellant directs us,
the following exchange occurred: (4)


 [COUNSEL]: Things I want to be able to do are to examine or cross-examine
and refer to in opening remarks certain things which I believe are
key to the presentation of my defense of Mr. Ibarra in this matter,
Your Honor.


 THE COURT: Okay. What are those things?


 [COUNSEL]: Okay. Those things are marijuana use, presence of marijuana on
hospital reports, testing for marijuana in parole reports which
have been previously proffered over in the Business Records Act 
. . . , Your Honor.


 All of those are on behalf of the purported victim in this case,
Your Honor. My client's defense is self-defense in this matter
and I believe all of those factors - the victim's drug dealing, his
criminal history, his marijuana usage . . . - is going to be able to
show motive, intent, knowledge, skill and ability on his part
which created fear in my client and created a mental posture
where I believe it would be critical to show he acted in self-defense, Your Honor.


 ... .

 

 THE COURT: ... . And I'm not going to allow anything about a drug dealing or
gang affiliation, things of this nature unless and until it's
established that there is a self-defense issue and that would be
when and if Mr. Ibarra takes the stand. Then I will revisit it once
again because at that time there's a possibility that some, if not all
of this, can come in. But at this point I don't think they would be
proper or relevant. That's going to be the order of the Court on
that and the Motion in Limine.



Our review of the record reveals no further discussion between Appellant and the trial court
concerning the medical record at issue. The record supports the conclusion that the court's ruling set
forth above is a ruling on the State's motion in limine. Such a ruling does not amount to an exclusion
of evidence and arguments related thereto do not preserve error. See Webb v. State, 760 S.W.2d 263,
275 (Tex. Crim. App. 1988). As the court noted, it was willing to revisit the issue when the self-defense issue was established. The record does not reflect that Appellant sought to revisit the issue. 
Nonetheless, even assuming arguendo that the court's ruling could be construed as an exclusion of
the medical records at issue, Appellant has still waived the issue. 

 Appellant's position with regard to the aforementioned medical record was that, among other
things, the evidence of marijuana in Ladd's urine tended to demonstrate "motive, intent, knowledge,
skill and ability on [Ladd's] part which created fear in [Appellant] and created a mental posture. . .
critical to show [Appellant] acted in self-defense." On appeal, Appellant argues as follows:


 In the case at bar, the victim testified as to his recollection of the events leading up to the shooting, as
well as the shooting itself. Among other things, the victim's testimony concerned his knowledge and
recall of the shooting, the identity of his assailant, the absence of accident by Appellant, and the
victim's rendition of events bearing on the intent and preparation of Appellant. The entirety of such
testimony could well have been adversely affected by the victim having been under the influence of
marijuana at the time of the shooting. .... The court should have determined that the victim's drug use
was material and relevant to his ability to accurately recall events.



Appellant made no mention of the theories of admissibility at trial he now raises on appeal. Since
Appellant's trial objection does not comport with the issue raised on appeal, he has preserved nothing
for our review. See Tex. R. App. P. 33.1(a); Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App.
1999); Knox v. State, 934 S.W.2d 678, 687 (Tex. Crim. App.1996); Barnes v. State, 876 S.W.2d
316, 325 (Tex. Crim. App. 1994). Appellant's third issue is overruled.


Conclusion

 Having overruled Appellant's issues one, two, and three, we affirm the judgment of the trial
court.

 DIANE DEVASTO 

 Justice


Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)
1. Ladd is married to Appellant's stepdaughter. The disputed telephone bill related to a business line that
had been installed in Ladd's house to enable Appellant's stepdaughter to work from home.
2. The indictment charges that this offense occurred in San Diego County, California. The Texas Penal
Code does not differentiate between voluntary and involuntary manslaughter. See Tex. Pen. Code Ann. § 19.04
(Vernon 2003).
3. If a party requests permission to make an offer of proof, the trial court is required to direct the making of
the offer of proof. See Tex. R. Evid. 103(b); Kipp v. State, 876 S.W.2d 330, 334 (Tex. Crim. App. 1994).
4. The State's motion in limine, which is apparently what Appellant's counsel is addressing in this portion of
the record, makes reference to "any mention of the victim or any other of the State's witness['s] drug use or sale of
drugs including any controlled substance or illegal narcotic."