COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-444-CR

DAVID ALLAN LADESIC APPELLANT

A/K/A DAVID LADESIC

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two points, Appellant David Ladesic appeals his convictions for sexual assault and indecency with a child.  After finding Appellant guilty, the jury assessed punishment at life in prison for sexual assault and forty years’ imprisonment for indecency with a child.
(footnote: 2)  The court sentenced Appellant accordingly and ordered that the sentences run consecutively.  We affirm. 

BACKGROUND

S.C., the fourteen-year-old complainant, accused Appellant of engaging in a sexual relationship with her.  Appellant, who was twenty-five years old during the time of the incidents, worked for S.C.’s father, Jim C., at a tattoo studio along with Jennifer F.  Jim worked and lived at the studio and in 2004 moved S.C. from Oklahoma to Texas, where she also moved into the studio.  Unsatisfied with the living arrangement, Jim and Jennifer agreed that S.C. should temporarily move into Jennifer’s house.
(footnote: 3)
 While cleaning her house, Jennifer found suspicious notes that led her to believe that Appellant and S.C. were engaged in an intimate relationship.  Jim testified that the notes made him suspicious about the type of relationship his daughter was having with Appellant, that he recognized the handwriting on the notes, and that the notes were written by S.C. and Appellant.  He eventually concluded that S.C. and Appellant were having sex.  At trial, the State asked Jim if S.C. had ever admitted to having sex with Appellant.  Appellant objected, and the trial court sustained the objection; however, Jim answered the question anyway, stating that S.C. had admitted to having sex with Appellant.  The trial court instructed the jury to disregard Jim’s answer but denied Appellant’s motion for a mistrial.

Outside the jury’s presence, Appellant asked Jim if he had found other notes that S.C. wrote to other men or from other men to S.C.  Jim answered that he had found “notes that were about other boys.”  The trial court denied Appellant’s motion to admit those notes or any testimony about sexual conduct within those notes.  The court ruled to exclude the evidence again when, in the jury’s presence, Appellant cross-examined S.C., asking her about writing notes to other boys.  The court, however, admitted notes offered by the State, which were allegedly written between S.C. and Appellant.
(footnote: 4)  Later at trial, S.C. testified that the notes offered by the State were written between her and Appellant.  S.C. also testified that she and Appellant had sex on three occasions starting in January 2005.

MOTION FOR MISTRIAL

In his first point, Appellant contends that the trial court abused its discretion in overruling his motion for a mistrial, which he requested after 
the court instructed the jury to disregard Jim’s statement that S.C. had admitted to having sex with Appellant.

Standard Of Review

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper testimony is incurable, i.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.  
Id.; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion in denying the mistrial, we consider the severity of the misconduct (prejudicial effect), the curative measures, and the certainty of conviction absent the misconduct.  
Hawkins,
 135 S.W.3d at 77; 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

Hearsay Statement

Given the issues in this case, Jim’s improper hearsay statement that S.C. had admitted to having sex with Appellant was moderately prejudicial to Appellant.  Although it does not appear from Appellant’s objection that Jim testified about this admission in an ardent or emotional manner, the statement alone was prejudicial.  A prejudicial comment, however, is often curable by an instruction to the jury.  When a court gives a curative instruction, mistrials ought to be an exceedingly uncommon remedy for any residual prejudice.  
West v. State
, 121 S.W.3d 95, 106-07 (Tex. App.—Fort Worth 2003, pet ref’d). 
Thus, judicial admonishments to the jury are presumed effective.  
Id
. at 107. 
 In this case, a curative instruction was requested and the court promptly admonished the jury to disregard Jim’s response.  We must presume that this instruction was effective because t
he comment, while mildly prejudicial, was
 not so prejudicial that expenditure of further time and expense would have been wasteful and futile.  
See id
.
;
 Hawkins
, 135 S.W.3d at 77
; see also Simpson,
 119 S.W.3d at 272. 

Now we address the certainty of Appellant’s convictions absent the misconduct.  
See Hawkins
, 135 S.W.3d at 77; 
Mosley
, 983 S.W.2d at 259.  We must determine whether the jury would have still found Appellant guilty had they never heard Jim’s statement.

S.C. testified on direct about three separate occasions in which she and Appellant engaged in sexual relations.  The following are excerpts from the State’s direct examination of S.C., in which she describes their first sexual encounter:

Q: Did it happen in January?

A: Yes, sir.

Q: Did it ever develop to more than just touching your breasts and kissing?

A: Yes, sir.

Q: What did it develop to, [S.C]?

A: We had sexual intercourse three times.

Q: When was the first time you had sex with him?

A: In January.

. . . .

Q: So you’re on the couch wearing your middle school sixth 

grade choir shirt, and who takes your pants off?

A: Part of the way, he did.  The rest of the way, I did.

Q: How old was David at this time?

A: 25.

. . . .

Q: How did this progress, [S.C.]?  I mean, were you facing him or—

A: No, sir.  He told me to lie on my side to keep an eye out for Jennifer.

. . . . 

Q: Tell me how you actually had sex.

A: I lied on my right side and put my legs on the floor, and hegot behind me, I guess, and we had sex.

Q: Did he do anything with his penis?

A: Yes.

Q: What did he do?

A: He penetrated me.

Q: When you say penetrate, where did he penetrate you?

A: My vagina.

The above testimony is only a small portion from twenty-six pages of record, in which S.C. recounted in detail the three sexual encounters between her and Appellant.  Because S.C. testified about the sexual encounters on direct examination and described the acts in great detail, her testimony was far more damaging to Appellant and persuasive to the jury than Jim’s three word statement, “Yes, she did.”  In addition, Jennifer’s son, who was also living at the house, testified that he saw S.C. and Appellant kissing on one occasion.  For these reasons, Appellant’s convictions remain certain even absent Jim’s improper hearsay statement.  Balancing these three considerations, we hold that even though Jim’s statement was prejudicial to Appellant, the trial court did not abuse its discretion in denying Appellant a mistrial.  We overrule Appellant’s first point.

EXCLUSION OF EVIDENCE

In his second point, Appellant complains that the trial court abused its discretion in denying his attempt to introduce evidence of other sexual acts described in notes allegedly written between S.C. and other young men.

Preservation Of Error

To preserve error, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked.  
Tex. R. Evid.
 103(a)(2); 
Tex. R. App. P.
 33.2; 
Chambers v. State
, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993), 
cert. denied
, 511 U. S. 1100 (1994); 
Fairow v. State
, 943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997).  Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel.  
Tex. R. Evid.
 103(b); 
Love v. State
, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993). 
 Error is not preserved if the offer of proof is inadequate. 
 See Warner v. State
, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

Appellant’s counsel attempted once when Jim testified and again when S.C. testified
 to offer into evidence the notes or the content of the notes allegedly written between S.C. and other young men.  The State objected on the grounds of Texas Rule of Evidence 412, and the trial court denied Appellant’s request, reasoning that no other sexual relations were ever brought up during testimony, making the notes’ sexual content irrelevant.

Each time before Appellant’s counsel attempted to cross-examine a witness about the evidence, he made a general statement about 
the notes, the sexual content in the notes, and the relevancy of the evidence to the issues in the case.  Specifically, he mentioned that the notes discussed “intimate acts” and “sexual acts” between S.C. and other young men.  Furthermore, during a voir dire examination outside the jury’s presence, Appellant’s counsel asked Jim if he had ever found notes between S.C. and other young men with whom S.C. was sexually active.  Jim testified that he had found “notes that were about other boys.” 

The State argues that Appellant failed to preserve error because he did not actually tender the notes to the court.
  However, Appellant’s counsel made a reasonably specific summary of the evidence, told the court what the notes would show, and argued the relevancy of the evidence.  
See 
Tex. R. Evid.
 103(b); 
Love v. State
, 861 S.W.2d at 901 (
holding that error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel
).
  Appellant’s counsel made clear that he wanted to cross-examine both Jim and S.C. about the other notes describing S.C.’s “sexual acts” with other males.  It is apparent by the State’s Rule 412 objection that it knew the precise nature of the excluded evidence, whether by testimony or actual notes.  Likewise, the court was aware of the testimony that Appellant was attempting to illicit by the nature of its ruling, referencing the “sexual relations” purported to be in the notes.  Therefore, Appellant’s counsel’s concise statement and voir dire examination of Jim was reasonably specific to show the court the substance of the excluded evidence and to preserve error for our review.  
See Love
, 861 S.W.2d at 901.

Standard Of Review

We review decisions involving admission or exclusion of evidence for an abuse of discretion.  
Erdman v. State
, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993); 
Montgomery v. State, 
810 S.W.2d 372, 392 (Tex. Crim. App. 1991)(op. on reh’g).
  Under this standard, we will not reverse the trial court’s ruling as long as it is at least within the zone of reasonable disagreement.  
Montgomery, 
810 S.W.2d at 391.

Rule 412

Appellant argues that the notes are admissible under Rule 412 to show S.C.’s motive or bias in accusing Appellant of sexual assault. 
 
See 
Tex. R. Evid.
 412(b)(2)(C)
.  This rule states:

[i]n a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim’s past sexual behavior is also not admissible, unless:

(1) . . . 

(2) it is evidence:

(A) that is necessary to rebut or explain scientific or medical evidence offered by the State;

(B) of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged;

(C) that relates to the motive or bias of the alleged victim;

(D) is admissible under Rule 609; or

(E) that is constitutionally required to be admitted; and

(3) its probative value outweighs the danger of unfair prejudice. 

Tex. R. Evid
. 412.

Appellant states in his brief that S.C. did not like or trust Appellant and that she knew that Appellant and Jennifer were in a relationship.  Appellant contends that these factors show S.C.’s motive in accusing Appellant of sexual assault.  However, the evidence suggesting that S.C. lied about their sexual encounters is extremely thin.  
See Stephens v. State
, 978 S.W.2d 728, 734-35 (Tex. App.—Austin 1998, pet. ref’d) (holding that evidence showing complainant was pregnant before the sexual assault was inadmissible to show complainant’s motive to lie in order to conceal her sexual encounters with her boyfriend).

Appellant points out general testimony, in which S.C. stated that she no longer loved Appellant, that she felt Appellant took advantage of her, and that only “a very small part” of her still cared for Appellant.  Further, S.C. testified that she knew that Jennifer and Appellant were engaged at one time and that eventually her relationship with Jennifer became somewhat strained.  A
ppellant argues that this evidence coupled with the excluded evidence shows a possible motive for S.C. to lie about their sexual encounters.  Specifically, Appellant contends that the excluded evidence could have shown that the notes the State presented were perhaps between S.C. and other young men.  In reviewing the evidence, we conclude that Appellant did not demonstrate a definite and logical link between the complainant’s past sexual conduct and the alleged motive and bias under Rule 412(b)(2)(C).  
Id
. at 735.  Because Appellant presents a tenuous link, we hold that the court did not abuse its discretion in excluding the evidence to show S.C.’s motive or bias.

Appellant also argues that because the notes were excluded from evidence, he was denied his right to confront the accuser.  
See 
U.S. Const
. 
Amend
. VI; 
Tex. R. Evid
. 412(b)(2)(E)
.  We disagree.  The right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.  
Allen v. State
,
 
700 S.W.2d 924, 931 (Tex. Crim. App. 1985) (holding that section 21.13 of the Texas Penal Code, the precursor to Rule 412, was constitutional and did not, on its face, violate the accused’s right to confrontation); 
see also Chambers v. Mississippi
, 
410 U.S. 284, 295, 93 S.Ct. 1038, 1046 (1973).
 
While the trial court did not allow Appellant to address the sexual nature of the other notes, it did allow Appellant to thoroughly question S.C. about the other notes.  In front of the jury, Appellant cross-examined S.C., asking her questions about dating other boys, about writing notes to the boys she was dating, and establishing that some of these notes made their way home to Jennifer’s house.  Appellant had presented the allegation that the notes between S.C. and Appellant might have been between S.C. and other young men; therefore, denying Appellant’s request to further discuss the sexual relations allegedly described in the notes 
did not violate Appellant’s right to confrontation.

Additionally, what little probative value, if any, the other “sexual acts” content provided would have been far outweighed by the danger of unfair prejudice and embarrassment to the complainant, especially given her young age.  
See 
Tex. R. Evid.
 412(b)(3).  We hold that the trial court did not abuse its discretion by excluding evidence of S.C.’s past sexual behavior.  
Accordingly, we overrule Appellant’s second point.

CONCLUSION

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A:  HOLMAN, GARDNER, and MCCOY, JJ.

MCCOY, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 11, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant received an enhanced punishment for sexual assault due to  a prior conviction for aggravated sexual assault of a child under fourteen years of age.

3:
Jennifer was not S.C.’s biological mother, but she and Jim had been in a prior relationship for approximately seven years.  Also, Jennifer dated Appellant during the time S.C. lived with her.

4:
The trial court denied Appellant’s objections to the State’s exhibits one and three through seven—notes from S.C. to Appellant—but sustained his objection as to the State’s exhibit two, which contained extraneous offense evidence.