

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0670-07

**CLARK DEWAYNE MAYS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 06-06-00075-CR FROM THE SIXTH COURT OF APPEALS
## LAMAR COUNTY

**HOLCOMB, J., filed a dissenting opinion, in which
MEYERS and JOHNSON, JJ., joined.**

Appellant sought to present evidence of his diminished capacity as it affected his mental state at the time of the offense. The trial court ruled that any such evidence was inadmissible at the guilt stage. Appellant subsequently entered a voluntary plea of guilty conditioned upon his right to appeal the trial judge's "blanket" ruling.[1] The court of appeals held that the trial court erred and remanded

---

[1] It is clear, in both the written and oral plea admonishments, that appellant pled guilty based upon the understanding that he could appeal from the trial judge's ruling. For example, the trial judge explicitly asked appellant, "[A]re you pleading guilty in order to request me to

(continued...)

the case for further proceedings. The State now argues that appellant's offer of proof was insufficient to preserve error for appellate review. The majority, citing Texas Rule of Evidence 103(a)(2) and our decision in *Warner v. State*, 969 S.W.2d 1 (Tex.Crim.App. 1998), agrees with the State. I respectfully dissent.

Rule 103(a)(2) provides that error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which questions were asked. An offer of proof may be in question-and-answer form, or it may be in the form of a concise statement by counsel. *Warner v. State*, 969 S.W.2d at 2. An offer of proof to be accomplished by counsel's concise statement must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent. *Ibid*. As the majority notes, the purposes of an offer of proof are: (1) to enable the trial court to reconsider its ruling in light of the evidence actually offered and (2) to enable the appellate court, if there is an appeal, to determine whether the trial court's ruling was erroneous and harmful. K. Broun, et al., *McCormick on Evidence* § 51 at 249 (6th ed. 2006).

After reviewing the record, I have no doubt that appellant satisfied Rule 103(a)(2)'s requirements. Given defense counsel's questioning of the venire, and given the subsequent colloquy between defense counsel, the State, and the trial court, it is quite clear that the trial court knew perfectly well, at the moment it ruled on defense counsel's proffer, that defense counsel intended to

---

[1](...continued)
approve your plea agreement, which is a life sentence with the right to appeal on the issue of diminished capacity?" Appellant responded, "Yes, sir."

offer the testimony of a mental health expert[2] to the effect that appellant, because of schizophrenia,[3] had an abnormal understanding of reality[4] and, at the time he committed the capital murder in question, lacked the mental capacity to form the requisite mens rea of intentional or knowing.[5] In other words, defense counsel, in effect, gave a reasonably specific summary of the evidence he offered and he explained its relevance. An appellate court reviewing the record should be able to see this.

Admittedly, defense counsel could have been more deft when explaining the nature of the evidence that he offered – but the information that he provided to the trial court, taken as a whole, was nonetheless clearly adequate for the purposes of Rule 103(a)(2). As I stated, the record reflects that the trial court understood perfectly well, as should an appellate court reviewing the record, what evidence defense counsel was offering. That is all that the rule requires.

In support of its holding, the majority cites our decision in *Warner v. State*, 969 S.W.2d 1, but that case is easily distinguishable on its facts. In *Warner*, the defendant, Michael Warner, who was on trial for aggravated kidnapping, aggravated assault, and arson, wanted to present evidence at the guilt stage that he had been a veteran of the Vietnam War, that he suffered from "post-traumatic stress disorder" (PTSD), that he had received counseling for that disorder, and that, because of his PTSD, he had not had the specific intent necessary to commit the offenses of aggravated kidnapping and arson. Warner did not explain to the trial court, however, the nature of

---

[2] Court Reporter's Record, vol. 3, p. 87.

[3] Court Reporter's Record, vol. 3, pp. 71-72, 78, 87.

[4] Court Reporter's Record, vol. 3, p. 72.

[5] Court Reporter's Record, vol. 3, pp. 78, 87.

PTSD, how he intended to prove that he suffered from it, or how evidence of his PTSD would be relevant to the question of specific intent. We held that Warner had failed to make an adequate offer of proof under Rule 103(a)(2). In the instant case, in contrast, defense counsel made it quite clear to the trial court that he intended to offer proof from a mental health expert that appellant suffered from schizophrenia, a recognized mental disorder, and that appellant's schizophrenia distorted his view of reality and rendered him unable to form the requisite mens rea. The offer of proof in this case suffered from none of the defects that the offer of proof in *Warner* had.

I would affirm the judgment of the court of appeals. Because the majority does not do so, I respectfully dissent.


DELIVERED APRIL 22, 2009

PUBLISH