

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00193-CR
## NO. 02-09-00194-CR

JEFFREY LEE LITTLEPAGE                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jeffrey Lee Littlepage of three counts of aggravated sexual assault of a child—by digital penetration, oral-genital contact, and genital-genital contact—and two counts of indecency with a child by contact—by touching the child's female sexual organ and breast. Appellant pled true to the repeat offender notice in both indictments, and the trial court sentenced him to twenty years' confinement on each conviction for indecency

---

[1]*See* Tex. R. App. P. 47.4.

with a child and sixty years' confinement on each conviction for aggravated sexual assault of a child, with all sentences running concurrently.  In ten issues, Appellant contends that the evidence is insufficient to support his convictions, that the trial court abused its discretion in admitting and excluding certain evidence, that the trial court erred by denying his objection to the State's improper closing argument, and that the two judgments for indecency with a child by contact should be modified.  Because we hold that the evidence is sufficient to support all five convictions, that Appellant forfeited two of his complaints, that the trial court did not abuse its discretion by excluding evidence of a prior allegation by one complainant, and that the trial court's judgments for indecency with a child by contact should be modified, we affirm the trial court's three judgments for aggravated sexual assault of a child, and we affirm as modified the trial court's two judgments for indecency with a child by contact.

## I.  Background Facts

The two complainants, J.S. and S.S., are sisters and are Appellant's nieces.  When they were nine and eight years old, respectively, they visited Appellant and his wife at Appellant's home in Tarrant County on Christmas 2007. The girls made an outcry to an aunt, Dalena W., in January 2008 and in turn to the paternal aunt with whom they lived, Stephanie S., regarding Appellant's conduct.  Stephanie took the girls to Cook Children's Medical Center, where they spoke with a sexual assault nurse, Crystal Utley, and underwent sexual assault examinations.  The results of the examinations were normal.

## II.  Evidence Sufficiently Supports Appellant's Five Convictions

In his fourth through eighth issues, Appellant contends that the evidence is factually insufficient to support his five convictions.  After the parties briefed this

2

case on appeal, the Texas Court of Criminal Appeals held "that there is no meaningful distinction between a *Clewis* factual-sufficiency standard and a *Jackson v. Virginia* legal-sufficiency standard" and that

> the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled.[2]

Accordingly, we apply the *Jackson* standard of review to all of Appellant's sufficiency complaints.[3] In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5] The trier of fact is the sole judge of the weight and credibility of the evidence.[6] Thus, when performing a sufficiency review, we may not re-evaluate the weight and credibility of the evidence and

---

[2]*Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6, 2010).

[3]*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979).

[4]*Id.* at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[5]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

[6]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

substitute our judgment for that of the factfinder.[7] Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."[8] We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution.[9]

## A. Counts of Indecency with a Child by Contact

J.S., ten years old at trial, testified that Appellant touched her with his hands underneath her panties on her "middle spot" and answered, "Yes," when the prosecutor asked her if that was where she "pee[d]" from. J.S. also demonstrated where and how Appellant touched her "middle spot" by using an anatomically correct doll. J.S. denied that Appellant had touched her breast.

Stephanie testified that J.S. had told her that Appellant was "feeling on her private." Utley testified that J.S. had told her that Appellant had digitally penetrated her female sexual organ and had touched her genitals and chest area. Utley clarified that J.S. was referring to the breast area, where her nipples are. Employing the *Jackson* standard of review, we hold that the evidence is sufficient to support Appellant's two convictions for indecency with a child by contact. We overrule his seventh and eighth issues.

---

[7]*Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).

[8]*Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

[9]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

## B. Counts of Aggravated Sexual Assault of a Child

Nine years old at trial, S.S. testified that Appellant touched her private with his private and demonstrated with anatomically correct dolls. She testified that he pulled her panties down and that his private went inside of her private. Stephanie testified that S.S. told her that Appellant pulled down her pants and "stuck his thing" in her; Utley testified that S.S. told her,

> Jeff did something bad. He put his thing inside of me. . . . Something wet came out of his thing. It went in my panties. I took a bath. He did it more than once at his house. It started when I was seven.

S.S. also testified that Appellant digitally penetrated her female sexual organ and demonstrated with the anatomically correct doll. Utley testified that S.S. told her that Appellant put his finger inside of S.S., and Utley explained that S.S. meant that Appellant had penetrated her.

S.S. also testified that Appellant had pulled her panties down and had put his mouth on her "private." Utley testified that S.S. had told her that Appellant had put his mouth on her female sexual organ and had licked it.

Employing the *Jackson* standard of review, we hold that the evidence is sufficient to support Appellant's three convictions for aggravated sexual assault of a child. We overrule his fourth, fifth, and sixth issues.

## III. Evidence About S.S.'s Prior Allegation Properly Excluded

In his first issue, Appellant contends that the trial court erred by excluding evidence that S.S. had previously made a false accusation. The following exchange took place at trial when defense counsel questioned S.S.:

> Q. Okay. Did you—do you—well, if you don't remember talking to Lindsey Dula, you probably don't remember this, but do you

5

remember telling her or someone that no one had ever touched you besides [Appellant]?

A.    Yes.

Q.    And is it true that nobody else had ever touched you?

[PROSECUTOR]: Objection, relevance.   We've got a motion in limine—

A.    Yes.

[PROSECUTOR]: Excuse me.  Hold on a second.

THE COURT:    Hold on.

[PROSECUTOR]: We've got a motion in limine on this.  If we're— we need to have a hearing.

THE COURT:    Sustained.

The State did not object to S.S.'s testimony that she remembered telling someone that no one but Appellant had ever touched her.  Nor does the record reflect that the trial court instructed the jury to disregard her post-objection but pre-ruling answer that it was true that no one else had ever touched her.

In the hearing that occurred outside the presence of the jury following the exchange, the trial court announced,

Okay.  In reviewing the case law, it seems clear that under 608(b) and 412, specific instances of conduct involving the victim would not be admissible, unless there's a showing specifically that it was under similar circumstances as the current case, as well as that there was a finding that those allegations were false.  . . . [D]ue to the age of the child, what I would like to do is for y'all to just proffer orally what basis you have—good-faith basis or documentation that you have that would establish either of those grounds.

6

No one objected to the unavailability of S.S. to be called as a witness in the hearing despite her trial testimony in open court prior to the hearing, nor did anyone object to not being allowed to call other witnesses at the hearing.

Appellant wanted to question S.S. before the jury about a prior outcry that she had made against a man who had allegedly touched her female sexual organ. According to a police report, which the trial court admitted for purposes of the record, S.S. had claimed in a CPS interview that a family friend had touched her female sexual organ by placing his hand on top of her clothing and rubbing with his hand. The investigative police officer had closed the investigation after interviewing the alleged perpetrator but not the complainant or the complainant's family, because they would not appear for interviews, or the CPS caseworker who took S.S.'s videotaped statement and alerted the police, because that worker was no longer with the agency. The officer had concluded that the allegations were "unfounded." Specifically, he stated in his report that he did not "see any reason based upon the evidence and non-cooperation from the victim's family to continue with this investigation" and that the alleged perpetrator, who denied the allegations, "appeared to be telling the truth." The videotaped statement was not discussed in the hearing or entered into evidence, and there is no indication that the officer reviewed it.

Appellant conceded at trial that rules 608 and 412 would bar him from delving into the prior allegation but argued that rule 613 would allow him to impeach S.S. with the evidence and contended that the trial court's refusal to

allow him to ask S.S. about the prior alleged incident before the jury violated his rights of confrontation, a fair trial, and effective assistance of counsel. On appeal, Appellant mentions no rules but limits his argument to alleged violations of his right to fully cross-examine his accuser.

Rule 613 provides,

**(a) Examining Witness Concerning Prior Inconsistent Statement.** In examining a witness concerning a prior inconsistent statement made by the witness, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of, such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement. If written, the writing need not be shown to the witness at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted. This provision does not apply to admissions of a party-opponent as defined in Rule 801(e)(2).

**(b) Examining Witness Concerning Bias or Interest.** In impeaching a witness by proof of circumstances or statements showing bias or interest on the part of such witness, and before further cross-examination concerning, or extrinsic evidence of, such bias or interest may be allowed, the circumstances supporting such claim or the details of such statement, including the contents and where, when and to whom made, must be made known to the witness, and the witness must be given an opportunity to explain or to deny such circumstances or statement. If written, the writing need not be shown to the witness at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits such bias or interest, extrinsic evidence of same shall not be admitted. A party shall be permitted to present evidence rebutting any evidence impeaching one of said party's witnesses on grounds of bias or interest.

8

**(c) Prior Consistent Statements of Witnesses.** A prior statement of a witness which is consistent with the testimony of the witness is inadmissible except as provided in Rule 801(e)(1)(B).[10]

But to preserve error in the exclusion of evidence, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked.[11] Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel.[12] Counsel's concise statement must include a summary of the evidence offered.[13] Error is not preserved if the offer of proof is inadequate.[14]

Because Appellant did not introduce S.S.'s prior statement itself at the hearing, did not object to the trial court's decision to allow no evidence at the hearing other than the police report, and did not otherwise make an offer of proof of the excluded testimony by S.S., Appellant did not develop beyond speculation his theory that S.S. had bias or motive to lie in this case.[15] That is, Appellant did not provide at the hearing or elsewhere below a sufficient record of the actual, as

---

[10]Tex. R. Evid. 613.

[11]Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2).

[12]Tex. R. Evid. 103(b); *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

[13]*Warner*, 969 S.W.2d at 2.

[14]*Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (holding error was not preserved when appellant failed to proffer, with some degree of specificity, the substantive evidence he intended to present).

[15]*See* Tex. R. Evid. 613.

9

opposed to the speculative, evidence that he wished to use to impeach S.S. We therefore cannot conclude on the record before us that the trial court abused its discretion or violated Appellant's right to fully cross-examine his accuser by barring him from questioning S.S. about the prior incident in the jury's presence. We overrule Appellant's first issue.

## IV.  Forfeited Complaint Regarding Shawntia M.'s Testimony

The State offered the testimony of Shawntia M., Appellant's sister, as rebuttal testimony.  Appellant objected,

> I understand that [the prosecutor] is saying that this is a continuing—just one of several continuing patterns or shows a pattern and is trying to get this extraneous offense into evidence at this point, and we strongly object.
>
> Obviously, it's—many, many years ago is not a pattern.  If it is true—and, of course, this witness is in custody, and we have not had the opportunity to visit with her, so we don't know what she is going to say, but I just don't think it's admissible, and to allow it would be to deny our client his constitutional rights to confrontation and a fair trial.
>
> I mean, it's just not admissible under the rules.  It's not a pattern.  Two people—an additional incident is not a pattern.

After Appellant's initial objection, the prosecutor explained that he was offering the testimony under rule 404(b) to rebut the defensive theories of lack of opportunity and fabrication; cited case law to support his argument; stated, "Your Honor, if their objection is going to be 403, according to the case law, you've got to do a balancing test, . . . "; and argued the four factors of the balancing test. Appellant responded,

10

Regarding the State's great need and—well, basically, everything the State has said, if—based on his theory, the accused person of an offense like this would never be able to come in and defend themselves in order to avoid an extraneous offense or an alleged extraneous offense come into evidence. We would never be able to say there was not opportunity.

That was a fact. We know that people were there. We would never be able to say or cross-examine the girls, the victims, and try to challenge their credibility, because somebody else might come in to testify.

For years and years, many cases have been tried and people convicted based on just the testimony of the victim. There is no great need. He had a video—he said he had no videos. He had a video. He could have offered it. We don't know if we would have objected or not. We might not have.

As far as fabrication, if we don't challenge the victims, we have not done our job. The Court of Appeals would reverse the conviction based on ineffective assistance of counsel.

So what [the prosecutor] is saying is we can't do our job, and if we do, then, oh, that just blows it open. That does not allow our client—for a fair trial, allow for effective assistance of counsel, and it does not allow him his rights to properly confront his accusers, and it's just not necessary in this case.

We would strongly object based on the United States Constitution, Texas, and Code of Criminal Procedure. That just not—we object. It's our opinion it's not admissible at this point.

We understand that if we get to the punishment phase, it may become admissible, but at this point in this case, under these circumstances, and the testimony that's been given, it's not admissible.

And if we protected ourselves or did not do all of the things [the prosecutor] wanted to do, we would be sitting here mute, and that is certainly not what a defendant is entitled to.

11

In his second issue on appeal, Appellant contends that the trial court abused its discretion by "admitting Shawntia M[.]'s testimony because its probative value was substantially outweighed by the danger of unfair prejudice and by the confusion of the issues."[16] The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited.[17] We agree with the State that Appellant's objections to the testimony did not preserve his complaint on appeal.[18] We therefore overrule Appellant's second issue.

## V. Objection to State's Closing Argument Forfeited

During the State's final argument in the guilt phase, the prosecutor stated,

> And whether or not you have two kids, two kids, four kids, a two-year-old, a 23-month-year-old (sic), a three-year-old, two kids, or three kids, you know how to judge the credibility of a child. Those girls were telling the truth.

> And the most damning piece of evidence throughout this whole trial was not anything anybody said or any evidence that was presented to you, but when [J.S.] walked in, [Appellant] sat there and hung his head in shame. He couldn't even look at her. He didn't even look at her until she started testifying. He hung his head because he knew that he was in trouble.

> What about Shawntia? I want to be very clear why I brought her to you, because they have wasted two days of our time talking about how this couldn't have happened.

---

[16]*See* Tex. R. Evid. 403.

[17]*Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").

[18]*See* Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

[DEFENSE COUNSEL]: Objection, Your Honor. I object to that argument, because it is every defendant's right in this country to come in and present a defense. He is misstating the law. He is misleading the jury. He is making a statement that is just not true.

THE COURT: Overruled.

The prosector then repeated that the defense had wasted time twice with no objection. While the jury was deliberating, defense counsel asked for a mistrial

based on the argument of the prosecutor . . . when he said something to the effect that the Defense has wasted the jurors' last two days by presenting a defense for [Appellant].

It's our position that that is striking at the defendant over counsel's shoulder; that is denying or telling the jury that it is right to deny any accused citizen their right to a defense, their constitutional right to a defense, which, of course, is just absolutely improper argument.

And for that reason, we ask for a mistrial.

The trial court denied the request for mistrial. On appeal, Appellant contends in his third issue that "[t]he prosecutor struck at defendant over the shoulders of counsel during final arguments." This complaint does not comport with Appellant's timely objection at trial.[19] Appellant's request for mistrial mirroring his appellate complaint came during jury deliberations and was therefore untimely.[20] Accordingly, Appellant forfeited his complaint. We overrule Appellant's third issue.

---

[19]See Pena, 285 S.W.3d at 464.

[20]See Tex. R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.

13

## VI. Modifying the Two Judgments of Conviction for Indecency with a Child by Contact

As Appellant points out in his ninth and tenth issues, the jury convicted him of the conduct alleged in Count Two and Count Three of the indictment in cause number 02-09-00194-CR (trial court cause number 1107358D), but the judgments and the jury charge bear the notations Count One and Count Two, respectively, regarding such conduct. It appears that the confusion arose because the conduct alleged in Count Two is also a lesser included offense of the conduct alleged in Count One, a count on which the jury acquitted Appellant. Both parties agree that we should modify the judgments.[21] Accordingly, we sustain Appellant's ninth and tenth issues. We therefore modify the judgment in cause number 02-09-00194-CR (trial court cause number 1107358D) currently indicating "COUNT TWO" to instead state "COUNT THREE," we modify the judgment in the same cause currently indicating "COUNT ONE" to instead state "COUNT TWO," and we delete "(LESSER INCLUDED OFFENSE)" from the description of "Offense for which Defendant Convicted:" in that judgment.

---

[21]*See Hughes v. State*, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973) (allowing modification of judgment to show the offense of which the accused was found guilty).

14

## VII. Conclusion

Having overruled all issues concerning cause number 02-09-00193-CR (trial court cause number 1107352D), we affirm the trial court's three judgments in that cause. Having sustained Appellant's ninth and tenth issues concerning cause number 02-09-00194-CR (trial court cause number 1107358D) but having overruled all other issues, we affirm the trial court's two judgments in that cause as modified.

LEE ANN DAUPHINOT  
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH  
Tex. R. App. P. 47.2(b)

DELIVERED: December 16, 2010