**Affirm and Opinion Filed May 31, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00427-CR**

**CHRISTOPHER NIGEL WEEKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82143-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Appellant Christopher Nigel Weeks appeals a judgment convicting him of repeatedly violating a protective order and, after Weeks pleaded true to an enhancement paragraph included in the indictment, sentencing him to fourteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). *See* TEX. PENAL CODE § 25.072. On appeal, Weeks argues the trial court erred in excluding evidence of his mental illness during the guilt/innocence phase of his trial. Because he failed to preserve error, we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

# I. BACKGROUND

Weeks was charged by indictment with repeatedly violating a protective order. *See* TEX. PENAL CODE § 25.072. He pleaded not guilty and elected to have a jury decide guilt or innocence and to have the court assess punishment. After the jury found him guilty during the guilt/innocence phase, Weeks pleaded true to an enhancement paragraph included in the indictment, and the trial court assessed punishment at fourteen years' confinement in TDCJ's Institutional Division. The trial court then entered judgment accordingly and certified Weeks' right of appeal.

# II. ISSUE & ANALYSIS

In his sole issue, Weeks argues that the trial court erroneously excluded evidence of Weeks' mental illness during the guilt/innocence phase of trial, based on what he characterizes as the trial court's misinterpretation of two cases.[1] He complains that the trial court excluded evidence of his mental illness during the guilt/innocence phase of the trial, including testimony from Dr. Kyle Clayton. In directing us to this alleged error in the record, Weeks cites only a May 19, 2021 order granting the State's motion in limine. That order stated, in pertinent part:

> IT IS HEREBY ORDERED that the State's Motion in Limine is GRANTED and it is hereby ORDERED that the defense shall not offer evidence of, or comment on, Defendant's mental health or diminished capacity without first offering such evidence or comments out of the hearing or presence of the jury or the voir dire panel for specific ruling on admissibility by the Court.

---

[1] *See Jackson v. State*, 160 S.W.3d 568 (Tex. Crim. App. 2005); *Ruffin v. State*, 270 S.W.3d 586 (Tex. Crim. App. 2008).

On appeal, Weeks argues that the trial court erred by granting the State's motion in limine and excluding evidence of his mental illness during the guilt/innocence phase at trial because such testimony could have negated the *mens rea* element of the offense and more than likely resulted in his conviction.

Weeks ignores, however, that he failed to preserve error on this issue. *See Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (en banc) (per curiam) (op. on appellant's pet. for discretionary review). In *Warner*, the State filed, and Warner opposed, a motion in limine regarding evidence of Warner's post-traumatic stress disorder (PTSD)—evidence Warner claimed was admissible to prove that he had not had the specific intent to commit the charged offenses. *Id*. at 1. The trial court granted the motion and found that such evidence would be admissible in the punishment phase but not in the guilt/innocence phase. *Id*. at 2. Warner did not offer any PTSD-related evidence during the guilt/innocence phase, and the jury found him guilty of the offenses charged. *Id*. Warner appealed, claiming the exclusion of such evidence was error; our sister court rejected his argument and affirmed the judgment. *Id*. (citation omitted).

Warner filed a petition for review, and initially, the court of criminal appeals granted it in order to determine whether the appeals court had erred in rejecting his argument. *Id*. The court then dismissed the petition, concluding its decision to initially grant the petition was improvident because, "plainly," Warner did not preserve his complaint for appellate review. *Id*.

The court stated, "[A] ruling on a State's motion in limine that excludes defense evidence is subject to reconsideration throughout trial," and "to preserve error an offer of the evidence must be made at trial." *Id*. After noting that Warner failed to offer the PTSD evidence in the guilt/innocence phase, it dismissed his petition. *Id*.

Weeks followed the same missteps. By not offering any mental illness evidence during the guilt/innocence phase, Weeks plainly failed to preserve error. *See id.*; *see also* TEX. R. APP. P. 33.1(a) (preservation of error); TEX. R. EVID. 103(a) (rulings on evidence); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citation omitted) ("A motion in limine . . . is a preliminary matter and normally preserves nothing for appellate review."); *Landaverde v. State*, No. 05-19-00175-CR, 2020 WL 2897108, at *10 (Tex. App.—Dallas June 3, 2020, pet. ref'd) (mem. op., not designated for publication) (same, citing *Fuller*). We overrule Weeks' sole issue on appeal.

## III. CONCLUSION

We affirm the trial court's judgment.

/Ken Molberg/
_____
KEN MOLBERG
JUSTICE

210427f.u05
Do Not Publish
TEX. R. APP. P. 47.2



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER NIGEL WEEKS, Appellant

No. 05-21-00427-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82143-2021.
Opinion delivered by Justice Molberg. Justices Reichek and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of May, 2022.