02-09-193-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00193-CR 

NO. 02-09-00194-CR 

 

 


 
 
 Jeffrey Lee Littlepage
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

FROM Criminal District Court No. 3
OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          A jury convicted Appellant Jeffrey Lee
Littlepage of three counts of aggravated sexual assault of a child—by digital
penetration, oral-genital contact, and genital-genital contact—and two counts
of indecency with a child by contact—by touching the child’s female sexual
organ and breast.  Appellant pled true to
the repeat offender notice in both indictments, and the trial court sentenced
him to twenty years’ confinement on each conviction for indecency with a child
and sixty years’ confinement on each conviction for aggravated sexual assault
of a child, with all sentences running concurrently.  In ten issues, Appellant contends that the
evidence is insufficient to support his convictions, that the trial court
abused its discretion in admitting and excluding certain evidence, that the
trial court erred by denying his objection to the State’s improper closing
argument, and that the two judgments for indecency with a child by contact
should be modified.  Because we hold that
the evidence is sufficient to support all five convictions, that Appellant
forfeited two of his complaints, that the trial court did not abuse its
discretion by excluding evidence of a prior allegation by one complainant, and
that the trial court’s judgments for indecency with a child by contact should
be modified, we affirm the trial court’s three judgments for aggravated sexual
assault of a child, and we affirm as modified the trial court’s two judgments
for indecency with a child by contact.

I. 
Background Facts

          The two complainants, J.S. and S.S.,
are sisters and are Appellant’s nieces.  When
they were nine and eight years old, respectively, they visited Appellant and
his wife at Appellant’s home in Tarrant County on Christmas 2007.  The girls made an outcry to an aunt, Dalena W., in January 2008 and in turn to the paternal aunt
with whom they lived, Stephanie S., regarding Appellant’s conduct.  Stephanie took the girls to Cook Children’s Medical
Center, where they spoke with a sexual assault nurse, Crystal Utley, and
underwent sexual assault examinations. 
The results of the examinations were normal.

II.  Evidence Sufficiently Supports
Appellant’s Five Convictions

          In his fourth through eighth issues,
Appellant contends that the evidence is factually insufficient to support his
five convictions.  After the parties
briefed this case on appeal, the Texas Court of Criminal Appeals held “that
there is no meaningful distinction between a Clewis
factual-sufficiency standard and a Jackson v. Virginia legal-sufficiency
standard” and that

the Jackson v.
Virginia standard is the only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt.  All other cases to the contrary, including Clewis,
are overruled.[2]

          Accordingly, we apply the Jackson standard of review to all of
Appellant’s sufficiency complaints.[3]  In reviewing the sufficiency of the evidence
to support a conviction, we view all of the evidence in the light most favorable
to the prosecution in order to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.[4]

          This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.[5]  The trier of fact is the sole judge of the
weight and credibility of the evidence.[6]  Thus, when performing a sufficiency review,
we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.[7]  Instead, we “determine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.”[8]  We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.[9]

          A.  Counts of Indecency with a Child by Contact

          J.S.,
ten years old at trial, testified that Appellant touched her with his hands
underneath her panties on her “middle spot” and answered, “Yes,” when the
prosecutor asked her if that was where she “pee[d]” from.  J.S. also demonstrated where and how
Appellant touched her “middle spot” by using an anatomically correct doll.  J.S. denied that Appellant had touched her
breast.

          Stephanie testified that J.S. had told
her that Appellant was “feeling on her private.”  Utley testified that J.S. had told her that
Appellant had digitally penetrated her female sexual organ and had touched her
genitals and chest area.  Utley clarified
that J.S. was referring to the breast area, where her nipples are.  Employing the Jackson standard of review, we hold that the evidence is sufficient
to support Appellant’s two convictions for indecency with a child by
contact.  We overrule his seventh and
eighth issues.

          B.  Counts of Aggravated Sexual Assault of a
Child

          Nine
years old at trial, S.S. testified that Appellant touched her private with his
private and demonstrated with anatomically correct dolls.  She testified that he pulled her panties down
and that his private went inside of her private.  Stephanie testified that S.S. told her that
Appellant pulled down her pants and “stuck his thing” in her; Utley testified
that S.S. told her,

Jeff did something
bad.  He put his thing inside of me. . .
. Something wet came out of his thing.  It went in my panties.  I took a bath.  He did it more than once at his house.  It started when I was seven. 

 

          S.S. also testified that Appellant digitally
penetrated her female sexual organ and demonstrated with the anatomically correct
doll.  Utley testified that S.S. told her
that Appellant put his finger inside of S.S., and Utley explained that S.S.
meant that Appellant had penetrated her.

          S.S. also testified that Appellant had
pulled her panties down and had put his mouth on her “private.”  Utley testified that S.S. had told her that
Appellant had put his mouth on her female sexual organ and had licked it.

          Employing the Jackson standard of review, we hold that the evidence is sufficient
to support Appellant’s three convictions for aggravated sexual assault of a
child.  We overrule his fourth, fifth,
and sixth issues.

III.  Evidence About S.S.’s Prior Allegation
Properly Excluded

          In his first issue, Appellant contends
that the trial court erred by excluding evidence that S.S. had previously made
a false accusation.  The following exchange took place at
trial when defense counsel questioned S.S.:

Q.      Okay. 
Did you—do you—well, if you don’t remember talking to Lindsey Dula, you
probably don’t remember this, but do you remember telling her or someone that
no one had ever touched you besides [Appellant]?

 

A.      Yes.

 

Q.      And is it true that nobody else had ever
touched you?

 

[PROSECUTOR]:  Objection, relevance.  We’ve got a motion in limine—

 

A.      Yes.

 

[PROSECUTOR]:  Excuse me. 
Hold on a second.

 

THE COURT:        Hold on.

 

[PROSECUTOR]:  We’ve got a motion in limine on this.  If we’re— we need to have a hearing.

 

THE COURT:        Sustained.

 

The
State did not object to S.S.’s testimony that she remembered telling someone
that no one but Appellant had ever touched her.  Nor does the record reflect that the trial
court instructed the jury to disregard her post-objection but pre-ruling answer
that it was true that no one else had ever touched her.

          In the hearing that occurred outside
the presence of the jury following the exchange, the trial court announced,

          Okay. 
In reviewing the case law, it seems clear that under 608(b) and 412,
specific instances of conduct involving the victim would not be admissible,
unless there’s a showing specifically that it was under similar circumstances
as the current case, as well as that there was a finding that those allegations
were false.  . . . [D]ue to the age of
the child, what I would like to do is for y’all to just proffer orally what
basis you have—good-faith basis or documentation that you have that would
establish either of those grounds.

 

No
one objected to the unavailability of S.S. to be called as a witness in the
hearing despite her trial testimony in open court prior to the hearing, nor did
anyone object to not being allowed to call other witnesses at the hearing.

          Appellant wanted to question S.S. before
the jury about a prior outcry that she had made against a man who had allegedly
touched her female sexual organ.  According
to a police report, which the trial court admitted for purposes of the record,
S.S. had claimed in a CPS interview that a family friend had touched her female
sexual organ by placing his hand on top of her clothing and rubbing with his
hand.  The investigative police officer
had closed the investigation after interviewing the alleged perpetrator but not
the complainant or the complainant’s family, because they would not appear for
interviews, or the CPS caseworker who took S.S.’s videotaped statement and
alerted the police, because that worker was no longer with the agency.  The officer had concluded that the allegations
were “unfounded.”  Specifically, he
stated in his report that he did not “see any reason based upon the evidence
and non-cooperation from the victim’s family to continue with this
investigation” and that the alleged perpetrator, who denied the allegations,
“appeared to be telling the truth.”  The
videotaped statement was not discussed in the hearing or entered into evidence,
and there is no indication that the officer reviewed it.

          Appellant conceded at trial that rules
608 and 412 would bar him from delving into the prior allegation but argued
that rule 613 would allow him to impeach S.S. with the evidence and contended
that the trial court’s refusal to allow him to ask S.S. about the prior alleged
incident before the jury violated his rights of confrontation, a fair trial,
and effective assistance of counsel.  On
appeal, Appellant mentions no rules but limits his argument to alleged
violations of his right to fully cross-examine his accuser.

          Rule 613 provides,

          (a) Examining Witness Concerning Prior
Inconsistent Statement.  In examining a
witness concerning a prior inconsistent statement made by the witness, whether
oral or written, and before further cross-examination concerning, or extrinsic
evidence of, such statement may be allowed, the witness must be told the
contents of such statement and the time and place and the person to whom it was
made, and must be afforded an opportunity to explain or deny such statement.  If written, the writing need not be shown to
the witness at that time, but on request the same shall be shown to opposing
counsel.  If the witness unequivocally
admits having made such statement, extrinsic evidence of same shall not be
admitted.  This provision does not apply
to admissions of a party-opponent as defined in Rule 801(e)(2).

 

          (b) Examining Witness Concerning Bias
or Interest.
 In impeaching a witness by proof of
circumstances or statements showing bias or interest on the part of such
witness, and before further cross-examination concerning, or extrinsic evidence
of, such bias or interest may be allowed, the circumstances supporting such
claim or the details of such statement, including the contents and where, when
and to whom made, must be made known to the witness, and the witness must be
given an opportunity to explain or to deny such circumstances or statement.  If written, the writing need not be shown to
the witness at that time, but on request the same shall be shown to opposing
counsel.  If the witness unequivocally
admits such bias or interest, extrinsic evidence of same shall not be admitted.
 A party shall be permitted to present
evidence rebutting any evidence impeaching one of said party's witnesses on
grounds of bias or interest.

 

          (c) Prior Consistent Statements of Witnesses.  A prior statement of a witness which is
consistent with the testimony of the witness is inadmissible except as provided
in Rule 801(e)(1)(B).[10]

 

          But to preserve error in the exclusion
of evidence, the substance of the excluded evidence must be shown by offer of
proof unless it is apparent from the context of the questions asked.[11]  Error may be preserved by an offer of proof
in question and answer form or in the form of a concise statement by counsel.[12] Counsel=s
concise statement must include a summary of the evidence offered.[13] Error
is not preserved if the offer of proof is inadequate.[14]

          Because Appellant did not introduce S.S.’s
prior statement itself at the hearing, did not object to the trial court’s
decision to allow no evidence at the hearing other than the police report, and
did not otherwise make an offer of proof of the excluded testimony by S.S., Appellant
did not develop beyond speculation his theory that S.S. had bias or motive to
lie in this case.[15]  That is, Appellant did not provide at the
hearing or elsewhere below a sufficient record of the actual, as opposed to the
speculative, evidence that he wished to use to impeach S.S.  We therefore cannot conclude on the record
before us that the trial court abused its discretion or violated Appellant’s
right to fully cross-examine his accuser by barring him from questioning S.S.
about the prior incident in the jury’s presence.  We overrule Appellant’s first issue.

IV. 
Forfeited Complaint Regarding Shawntia M.’s Testimony

 

          The State offered the testimony of Shawntia M., Appellant’s sister, as rebuttal
testimony.  Appellant objected,

I understand that
[the prosecutor] is saying that this is a continuing— just one of several
continuing patterns or shows a pattern and is trying to get this extraneous
offense into evidence at this point, and we strongly object.

 

          Obviously, it’s—many, many years ago is not a pattern.  If
it is true—and, of course, this witness is in custody, and we have not had the
opportunity to visit with her, so we don’t know what she is going to say, but I
just don’t think it’s admissible, and to allow it would be to deny our client
his constitutional rights to confrontation and a fair trial.

 

          I mean, it’s just not admissible under
the rules.  It’s not a pattern.  Two people—an additional incident is not a
pattern.

 

After
Appellant’s initial objection, the prosecutor explained that he was offering
the testimony under rule 404(b) to rebut the defensive theories of lack of
opportunity and fabrication; cited case law to support his argument; stated, “Your
Honor, if their objection is going to be 403, according to the case law, you’ve
got to do a balancing test, . . . ”; and argued the four
factors of the balancing test.  Appellant
responded, 

          Regarding the State’s great need and—well,
basically, everything the State has said, if—based on his theory, the accused
person of an offense like this would never be able to come in and defend themselves
in order to avoid an extraneous offense or an alleged extraneous offense come
into evidence.  We would never be able to
say there was not opportunity.

 

          That was a fact.  We know that people were there.  We would never be able to say or cross-examine
the girls, the victims, and try to challenge their credibility, because
somebody else might come in to testify.

 

          For years and years, many cases have
been tried and people convicted based on just the testimony of the victim.  There is no great need.  He had a video—he said he had no videos.  He had a video.  He could have offered it.  We don’t know if we would have objected or
not.  We might not have.

 

          As far as fabrication, if we don’t
challenge the victims, we have not done our job.  The Court of Appeals would reverse the
conviction based on ineffective assistance of counsel.

 

          So what [the prosecutor] is saying is
we can’t do our job, and if we do, then, oh, that just blows it open.  That does not allow our client—for a fair
trial, allow for effective assistance of counsel, and it does not allow him his
rights to properly confront his accusers, and it’s just not necessary in this
case.

 

          We would strongly object based on the
United States Constitution, Texas, and Code of Criminal Procedure.  That just not—we object.  It’s our opinion it’s not admissible at this
point.

 

          We understand that if we get to the
punishment phase, it may become admissible, but at this point in this case,
under these circumstances, and the testimony that’s been given, it’s not
admissible.

 

          And if we protected ourselves or did
not do all of the things [the prosecutor] wanted to do, we would be sitting
here mute, and that is certainly not what a defendant is entitled to.

 

          In his second issue on appeal,
Appellant contends that the trial court abused its discretion by “admitting Shawntia M[.]’s
testimony because its probative value was substantially outweighed by the
danger of unfair prejudice and by the confusion of the issues.”[16]  The complaint made on appeal must comport with
the complaint made in the trial court or the error is forfeited.[17]  We agree with the State that Appellant’s
objections to the testimony did not preserve his complaint on appeal.[18]  We therefore overrule Appellant’s second
issue.

V.  Objection to State’s Closing Argument Forfeited

 

          During the State’s final argument in
the guilt phase, the prosecutor stated,

 

And whether or not you have two kids, two kids, four kids, a
two-year-old, a 23-month-year-old (sic), a three-year-old, two kids, or three
kids, you know how to judge the credibility of a child.  Those girls were telling the truth.

 

And the most damning piece of evidence throughout this whole
trial was not anything anybody said or any evidence that was presented to you,
but when [J.S.] walked in, [Appellant] sat there and hung his head in
shame.  He couldn’t even look at
her.  He didn’t even look at her until
she started testifying.  He hung his head
because he knew that he was in trouble.

 

What about Shawntia?  I
want to be very clear why I brought her to you, because they have wasted two
days of our time talking about how this couldn’t have happened.

 

          [DEFENSE
COUNSEL]:  Objection, Your Honor.  I object to that argument, because it is
every defendant’s right in this country to come in and present a defense.  He is misstating the law.  He is misleading the jury.  He is making a statement that is just not
true.

 

          THE
COURT:  Overruled.

 

The prosector then repeated that the
defense had wasted time twice with no objection.  While the jury was deliberating, defense
counsel asked for a mistrial

based on the argument of the prosecutor . . . when he said
something to the effect that the Defense has wasted the jurors’ last two days
by presenting a defense for [Appellant].

 

          It’s our
position that that is striking at the defendant over counsel’s shoulder; that
is denying or telling the jury that it is right to deny any accused citizen
their right to a defense, their constitutional right to a defense, which, of
course, is just absolutely improper argument.

 

          And for that
reason, we ask for a mistrial.     

 

The trial court denied the request for
mistrial.  On appeal, Appellant contends
in his third issue that “[t]he prosecutor struck at defendant over the
shoulders of counsel during final arguments.” 
This complaint does not comport with Appellant’s timely objection at
trial.[19]  Appellant’s
request for mistrial mirroring his appellate complaint came during jury
deliberations and was therefore untimely.[20] Accordingly, Appellant forfeited his
complaint.  We overrule Appellant’s third
issue.

VI. 
Modifying the Two Judgments of Conviction for Indecency with a Child by
Contact

 

          As Appellant points out in his ninth and tenth issues, the
jury convicted him of the conduct alleged in Count Two and Count Three of the indictment
in cause number 02-09-00194-CR (trial court cause number 1107358D), but the
judgments and the jury charge bear the notations Count One and Count Two,
respectively, regarding such conduct.  It
appears that the confusion arose because the conduct alleged in Count Two is
also a lesser included offense of the conduct alleged in Count One, a count on
which the jury acquitted Appellant.  Both
parties agree that we should modify the judgments.[21]  Accordingly,
we sustain Appellant’s ninth and tenth issues. 
We therefore modify the judgment in cause number 02-09-00194-CR (trial
court cause number 1107358D) currently indicating “COUNT TWO” to instead state “COUNT THREE,” we modify the judgment in the same cause
currently indicating “COUNT ONE” to instead state “COUNT TWO,” and we
delete “(LESSER INCLUDED OFFENSE)”
from the description of “Offense for which Defendant Convicted:” in that
judgment.

VII.  Conclusion

          Having
overruled all issues concerning cause number 02-09-00193-CR (trial court cause
number 1107352D), we affirm the trial court’s three judgments in that
cause.  Having sustained Appellant’s
ninth and tenth issues concerning cause number 02-09-00194-CR (trial court
cause number 1107358D) but having overruled all other issues, we affirm the
trial court’s two judgments in that cause as modified.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 16, 2010











[1]See Tex. R. App. P. 47.4.





[2]Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at *14 (Tex.
Crim. App. Oct. 6, 2010).





[3]Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979).





[4]Id. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).





[5]Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.





[6]See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert.
denied, 129 S. Ct. 2075 (2009).





[7]Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).





[8]Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).





[9]Jackson, 443 U.S. at 326,
99 S. Ct. at 2793; Clayton, 235
S.W.3d at 778.





[10]Tex. R. Evid. 613.





[11]Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2).  





[12]Tex. R. Evid. 103(b); Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).





[13]Warner, 969 S.W.2d at
2.





[14]Mays
v. State, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (holding error was not
preserved when appellant failed to proffer, with some degree of specificity,
the substantive evidence he intended to present).





[15]See Tex. R. Evid. 613.





[16]See Tex. R. Evid. 403.





[17]Pena
v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (“Whether a party=s
particular complaint is preserved depends on whether the complaint on appeal
comports with the complaint made at trial.”).





[18]See Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[19]See
Pena, 285 S.W.3d at 464.





[20]See Tex. R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.





[21]See Hughes v. State, 493
S.W.2d 166, 170 (Tex. Crim. App. 1973) (allowing modification of judgment to
show the offense of which the accused was found guilty).