

NUMBER 13-10-182-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALLEN JOSEPH FRUGE
a/k/a ALLEN FRUGE,                                          Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the Criminal District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes
Memorandum Opinion by Justice Vela

Appellant, Allen Joseph Fruge a/k/a Allen Fruge was indicted for the murder of

Coty Brynne Day.   *See* TEX. PENAL CODE ANN. § 19.02(b) (Vernon 2003).   After the jury

convicted Fruge of the lesser-included offense of manslaughter, *see id.* § 19.04(a), it assessed punishment at twenty years' imprisonment. In four issues, Fruge argues the trial court erred by (1) excluding evidence and (2) assisting the State during its cross-examination of a defense witness. We affirm.[1]

## I. DISCUSSION

### A. Guilt-Innocence Phase

In issue one, Fruge argues the trial court violated Article 38.05 of the Texas Code of Criminal Procedure by assisting the State during its cross-examination of a defense witness. When the prosecutor attempted to cross-examine Fruge's stepfather, Darrell Scott, about a document marked State's exhibit 24, Scott stated that he needed his glasses and that he did not bring them to the courtroom. The trial court asked Scott, "What are they, reading glasses?", and he said, "Yes, sir." Despite the fact that Scott did not have his glasses, the prosecutor asked him, "Is that his [Fruge's] signature on the bottom of [exhibit] 24?" He replied, "It don't look like it. I can't really say." After Scott finished this sentence, the trial judge stated, "Hold on for a second. I'll be right back." After the judge returned to the bench, defense counsel stated, "[I]t appears to me the Court is retrieving some reading glasses and I expect that the Court will tender those glasses to the witness. . . ." Defense counsel objected to the trial court's action "as being an improper participation by the judge in the case and also as a comment on the evidence and comment on the credibility of the witness and we object to the Court assisting the prosecution in the prosecution of this case by his actions." The trial court overruled the

---

[1] Fruge does not challenge the legal sufficiency of the evidence to support his conviction. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

objection, and Scott, while wearing the glasses given to him by the judge, examined State's exhibit 24.

**1. Preservation of Error**

Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

> (a) In General - As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> > (1) the complaint was made to the trial court by a timely request, objection, or motion that:
> >
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1.

This rule encompasses the concept of "party responsibility." *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005). In other words, "[t]he complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale." *Id.* at 177. "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Pena v State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This method gives the trial court and the opposing party a chance to correct the error. *Id.* "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the

3

complaint made at trial.  In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time."  *Id.* (footnote omitted).

**2. Analysis**

Fruge's complaint on appeal specifically concerns a violation of Article 38.05, which states:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979).

Defense counsel's objection at trial did not mention Article 38.05; rather, his objection was that the judge's action of giving the glasses to Scott constituted:  (1) an improper participation by the judge in the case; (2) a comment on the evidence; (3) a comment on the credibility of the witness; and (4) assistance to the prosecution by the trial court in prosecuting its case against Fruge.  However, the judge's act of giving the glasses to Scott did not fall within the purview of Article 38.05, his complaint on appeal, because the action did not concern a ruling on the admissibility of evidence or a pre-verdict remark calculated to convey to the jury the court's opinion of the case.  Thus, Fruge's complaint on appeal does not comport with the complaints made at trial.  We hold, therefore, that Fruge failed to preserve the complaint for appellate review.  *See* TEX. R. APP. P. 33.1(a)(1)(A); *Pena*, 285 S.W.3d at 464.  Issue one is overruled.

4

## B. Punishment Phase

### 1. Exclusion of Stepfather's Religious Principles

In issue two, Fruge argues the "trial court erred in denying [him] the right to present testimony concerning the religious principles of [his] stepfather and its influence on [Fruge] during the punishment phase of the trial." When defense counsel asked Fruge's stepfather, Darrell Scott, "[I]n your home, did you and do you now live by certain religious principles?", he said, "Yes, sir." When defense counsel asked him to "describe . . . what type of religious principles you enforce at your home?", he said, "I enforce all my kids to do right, to live—to live by God." At that point, the prosecutor objected that "[t]he religious principles of this witness, . . . are not germane to the punishment issue in this case." The trial court sustained the objection and did not admonish the jury to disregard Scott's answer.

### a. Preservation of Error

Assuming without deciding that the trial court erred in preventing defense counsel from questioning Scott about Scott's religious principles and their influence on Fruge, we note that Texas Rule of Evidence 103(a)(2) limits the scope of issues which may be appealed when evidence is limited or excluded. Under the rule, "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2). The offer of proof may be in question-and-answer form or in the form of a concise statement by counsel. TEX. R. EVID. 103(b); *Warner v. State*, 969 S.W.2d 1, 2

5

(Tex. Crim. App. 1998). "An offer of proof to be accomplished by counsel's concise statement must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Warner*, 969 S.W.2d at 2. The primary purpose of an offer of proof is to enable us to determine whether the exclusion was erroneous and harmful. MCCORMICK ON EVIDENCE § 51 (4th ed. 1992); *Accord*, STEVEN GOODE ET AL., 1 TEXAS PRACTICE—GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 103.3 (1993).

### b. Analysis

Here, the substance of the excluded evidence; i.e., Scott's religious principles and their influence on Fruge, was not made known to the trial court by offer. Further, the substance of the excluded evidence was not apparent from the context within which questions were asked. Defense counsel's question asked Scott to "describe . . . what type of religious principles you enforce at your home?" The substance of the excluded evidence is not apparent from the context of this. Because the substance of the excluded evidence was not made known to the trial court by offer, and because the substance of the excluded evidence was not apparent from the context within which questions were asked, Fruge has failed to comply with Rule 103(a)(2). We hold that Fruge failed to preserve any error with respect to the trial court's exclusion of Scott's testimony. *See* TEX. R. EVID. 103(a)(2); *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) (holding that defendant's argument regarding exclusion of evidence was waived because defendant did not make offer of proof regarding excluded testimony).

6

Issue two is overruled.

## 2. Exclusion of Testimony Concerning Stepfather's Need for Fruge

In issue three, Fruge argues the trial court erred by denying him the right to elicit testimony that his stepfather "needed" Fruge, for the jury's consideration in assessment of punishment. On direct examination, defense counsel asked Scott, "Do you expect, based upon your observation of Allen [Fruge], that whenever he is back in society—the type of person that you expect him to be?" In response, he said, "Yes, sir. Well, we talk about some things about when you get out. Right now I'm looking forward to whenever he get [sic] out because right now I just found out I have—I may have cancer. So, I'm going to need his [Fruge's] help." The prosecutor objected on the grounds that the answer was "both irrelevant and nonresponsive to the question." The trial court sustained the objection and, upon the prosecutor's request, admonished the jury that "[t]he last statement of the witness is to be disregarded. . . . Please do not consider that in your deliberations."

### a. Standard of Review

A trial court's decision to admit or exclude evidence is reviewed under an abuse-of-discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). "The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement." *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). "[I]f the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**b. Analysis**

The question posed to Scott referred to the "type of person" he expected Fruge to be upon Fruge's release "back in society[.]" The last part of Scott's answer, which the trial court admonished the jury to disregard, was that Scott needed Fruge because he (Scott) "may have cancer." That portion of Scott's answer was nonresponsive to the question because Scott merely expressed his need for Fruge, and did not state what type of person he expected Fruge to be upon returning to society after being incarcerated. A trial court may properly instruct the jury to disregard a witness's nonresponsive answer. *See Morgan v. State*, 515 S.W.2d 278, 281 (Tex. Crim. App. 1974) (stating that when a witness's answer is "nonresponsive," it can be "cured by a proper objection and motion that the jury be instructed to disregard"). We hold that the trial court did not abuse its discretion by sustaining the objection and admonishing the jury to disregard the last portion of Scott's answer relating to his need for Fruge. Issue three is overruled.

**3. Exclusion of Testimony Concerning Fruge's Rehabilitation**

In issue four, Fruge argues the trial court erred by denying him the right to elicit testimony concerning "his rehabilitation through his dedication to God, for the jury's consideration in assessing punishment." During Fruge's direct examination, defense counsel asked him, "Given your age and the verdict, you know, you will have an opportunity to come back to society. Can you tell the ladies and gentlemen of the jury what your intentions are in coming back to society?" To this, he said, "Well, since I've been incarcerated 22 months, I devoted myself to God." The prosecutor objected to the answer as "nonresponsive," and the trial court sustained the objection.

Here, defense counsel asked Fruge what his "intentions are in coming back to society[.]" He testified that while incarcerated for twenty-two months, he "devoted [himself] to God." Thus, Fruge's answer was nonresponsive to the question because Fruge did not state what his intentions were in returning to society; rather, he stated that while incarcerated, he devoted himself to God. We hold that the trial court did not abuse its discretion by sustaining the objection. *See id.* Issue four is overruled.

## II. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of April, 2011.

9