NUMBER 13-10-182-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ALLEN JOSEPH FRUGE

a/k/a ALLEN FRUGE,                                                              
         Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
Criminal District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            Appellant, Allen Joseph Fruge a/k/a Allen
Fruge was indicted for the murder of Coty Brynne Day.  See Tex. Penal Code Ann. § 19.02(b) (Vernon
2003).  After the jury convicted Fruge of the lesser-included offense of
manslaughter, see id. § 19.04(a), it assessed punishment at
twenty years’ imprisonment.  In four issues, Fruge argues the trial court erred
by (1) excluding evidence and (2) assisting the State during its
cross-examination of a defense witness.  We affirm.[1]

I. Discussion

A. Guilt-Innocence Phase

            In issue one, Fruge argues the trial court
violated Article 38.05 of the Texas Code of Criminal Procedure by assisting the
State during its cross-examination of a defense witness.  When the prosecutor
attempted to cross-examine Fruge’s stepfather, Darrell Scott, about a document
marked State’s exhibit 24, Scott stated that he needed his glasses and that he
did not bring them to the courtroom.  The trial court asked Scott, “What are
they, reading glasses?”, and he said, “Yes, sir.”  Despite the fact that Scott
did not have his glasses, the prosecutor asked him, “Is that his [Fruge’s]
signature on the bottom of [exhibit] 24?”  He replied, “It don’t look like it. 
I can’t really say.”  After Scott finished this sentence, the trial judge
stated, “Hold on for a second.  I’ll be right back.”  After the judge returned
to the bench, defense counsel stated, “[I]t appears to me the Court is
retrieving some reading glasses and I expect that the Court will tender those
glasses to the witness. . . .”  Defense counsel objected to the trial court’s
action “as being an improper participation by the judge in the case and also as
a comment on the evidence and comment on the credibility of the witness and we
object to the Court assisting the prosecution in the prosecution of this case
by his actions.”  The trial court overruled the objection, and Scott, while
wearing the glasses given to him by the judge, examined State’s exhibit 24.

1. Preservation of Error

Rule
33.1 of the Texas Rules of Appellate Procedure governs preservation of error,
and states, in part:

(a) In General - As a
prerequisite to presenting a complaint for appellate review, the record must
show that:

 

(1) the complaint was
made to the trial court by a timely request, objection, or motion that:

 

(A) stated the
grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context;

 

Tex. R. App. P.
33.1.

            This rule encompasses the concept of “party
responsibility.”  Reyna v. State, 168 S.W.3d 173, 176 (Tex. Crim. App.
2005).  In other words, “[t]he complaining party bears the responsibility of
clearly conveying to the trial judge the particular complaint, including the
precise and proper application of the law as well as the underlying
rationale.”  Id. at 177.  “To avoid forfeiting a complaint on appeal,
the party must ‘let the trial judge know what he wants, why he thinks he is
entitled to it, and to do so clearly enough for the judge to understand him at
a time when the judge is in the proper position to do something about it.’”  Pena
v State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).  This method gives the
trial court and the opposing party a chance to correct the error.  Id. 
“Whether a party’s particular complaint is preserved depends on whether the
complaint on appeal comports with the complaint made at trial.  In making this
determination, we consider the context in which the complaint was made and the
parties’ shared understanding at that time.”  Id. (footnote omitted).

2. Analysis

Fruge’s complaint on appeal specifically
concerns a violation of Article 38.05, which states:

In ruling upon the admissibility of evidence, the judge
shall not discuss or comment upon the weight of the same or its bearing in the
case, but shall simply decide whether or not it is admissible; nor shall he, at
any stage of the proceeding previous to the return of the verdict, make any
remark calculated to convey to the jury his opinion of the case.

 

Tex. Code Crim.
Proc. Ann. art. 38.05 (Vernon 1979).

Defense counsel’s objection at trial did
not mention Article 38.05; rather, his objection was that the judge’s action of
giving the glasses to Scott constituted:  (1) an improper participation by the
judge in the case; (2) a comment on the evidence; (3) a comment on the
credibility of the witness; and (4) assistance to the prosecution by the trial
court in prosecuting its case against Fruge.  However, the judge’s act of
giving the glasses to Scott did not fall within the purview of Article 38.05,
his complaint on appeal, because the action did not concern a ruling on the
admissibility of evidence or a pre-verdict remark calculated to convey to the
jury the court’s opinion of the case.  Thus, Fruge’s complaint on appeal does
not comport with the complaints made at trial.  We hold, therefore, that Fruge
failed to preserve the complaint for appellate review.  See Tex. R. App. P. 33.1(a)(1)(A); Pena,
285 S.W.3d at 464.  Issue one is overruled.

 

B. Punishment Phase

1. Exclusion of Stepfather’s Religious
Principles

            In issue two, Fruge argues the “trial court
erred in denying [him] the right to present testimony concerning the religious
principles of [his] stepfather and its influence on [Fruge] during the
punishment phase of the trial.”  When defense counsel asked Fruge’s stepfather,
Darrell Scott, “[I]n your home, did you and do you now live by certain
religious principles?”, he said, “Yes, sir.”  When defense counsel asked him to
“describe . . . what type of religious principles you enforce at your home?”,
he said, “I enforce all my kids to do right, to live—to live by God.”  At that
point, the prosecutor objected that “[t]he religious principles of this
witness, . . . are not germane to the punishment issue in this case.”  The
trial court sustained the objection and did not admonish the jury to disregard
Scott’s answer.  

a. Preservation of Error

Assuming
without deciding that the trial court erred in preventing defense counsel from
questioning Scott about Scott’s religious principles and their influence on
Fruge, we note that Texas Rule of Evidence 103(a)(2) limits the scope of issues
which may be appealed when evidence is limited or excluded.  Under the rule,
“[e]rror may not be predicated upon a ruling which . . . excludes evidence
unless a substantial right of the party is affected, and . . . the substance of
the evidence was made known to the court by offer, or was apparent from the
context within which questions were asked.”  Tex.
R. Evid. 103(a)(2).  The offer of proof may be in question-and-answer
form or in the form of a concise statement by counsel.  Tex. R. Evid. 103(b); Warner v. State, 969 S.W.2d 1, 2
(Tex. Crim. App. 1998).  “An offer of proof to be accomplished by counsel’s
concise statement must include a reasonably specific summary of the evidence offered
and must state the relevance of the evidence unless the relevance is apparent,
so that the court can determine whether the evidence is relevant and
admissible.”  Warner, 969 S.W.2d at 2.  The primary purpose of an offer
of proof is to enable us to determine whether the exclusion was erroneous and
harmful.  McCormick on Evidence §
51 (4th ed. 1992); Accord, Steven
Goode et al., 1 Texas
Practice—Guide to the Texas Rules of Evidence:  Civil and Criminal §
103.3 (1993).

b. Analysis

            Here, the substance of the excluded evidence;
i.e., Scott’s religious principles and their influence on Fruge, was not made
known to the trial court by offer.  Further, the substance of the excluded
evidence was not apparent from the context within which questions were asked. 
Defense counsel’s question asked Scott to “describe . . . what type of
religious principles you enforce at your home?”  The substance of the excluded
evidence is not apparent from the context of this.  Because the substance of
the excluded evidence was not made known to the trial court by offer, and
because the substance of the excluded evidence was not apparent from the
context within which questions were asked, Fruge has failed to comply with Rule
103(a)(2).  We hold that Fruge failed to preserve any error with respect to the
trial court’s exclusion of Scott’s testimony.  See Tex. R. Evid. 103(a)(2); Guidry v.
State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) (holding that defendant’s
argument regarding exclusion of evidence was waived because defendant did not
make offer of proof regarding excluded testimony).  Issue two is overruled.

2. Exclusion of Testimony Concerning
Stepfather’s Need for Fruge

            In issue three, Fruge argues the trial court
erred by denying him the right to elicit testimony that his stepfather “needed”
Fruge, for the jury’s consideration in assessment of punishment.  On direct examination,
defense counsel asked Scott, “Do you expect, based upon your observation of
Allen [Fruge], that whenever he is back in society—the type of person that you
expect him to be?”  In response, he said, “Yes, sir.  Well, we talk about some
things about when you get out.  Right now I’m looking forward to whenever he
get [sic] out because right now I just found out I have—I may have cancer.  So,
I’m going to need his [Fruge’s] help.”  The prosecutor objected on the grounds
that the answer was “both irrelevant and nonresponsive to the question.”  The
trial court sustained the objection and, upon the prosecutor’s request,
admonished the jury that “[t]he last statement of the witness is to be
disregarded. . . .  Please do not consider that in your deliberations.”

a. Standard of Review

A trial court’s decision to admit or
exclude evidence is reviewed under an abuse-of-discretion standard.  Torres
v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  “The trial court
abuses its discretion when the decision lies outside the zone of reasonable
disagreement.”  McCarty v. State, 257 S.W.3d 238, 239 (Tex. Crim. App.
2008).  “[I]f the trial court’s evidentiary ruling is correct on any theory of
law applicable to that ruling, it will not be disturbed even if the trial judge
gave the wrong reason for his right ruling.”  De La Paz v. State, 279
S.W.3d 336, 344 (Tex. Crim. App. 2009).

b. Analysis

The question posed to Scott referred to
the “type of person” he expected Fruge to be upon Fruge’s release “back in
society[.]”  The last part of Scott’s answer, which the trial court admonished
the jury to disregard, was that Scott needed Fruge because he (Scott) “may have
cancer.”  That portion of Scott’s answer was nonresponsive to the question
because Scott merely expressed his need for Fruge, and did not state what type
of person he expected Fruge to be upon returning to society after being
incarcerated.  A trial court may properly instruct the jury to disregard a
witness’s nonresponsive answer.  See Morgan v. State, 515 S.W.2d 278,
281 (Tex. Crim. App. 1974) (stating that when a witness’s answer is
“nonresponsive,” it can be “cured by a proper objection and motion that the
jury be instructed to disregard”).  We hold that the trial court did not abuse
its discretion by sustaining the objection and admonishing the jury to
disregard the last portion of Scott’s answer relating to his need for Fruge. 
Issue three is overruled.

3. Exclusion of Testimony Concerning
Fruge’s Rehabilitation

            In issue four, Fruge argues the trial court
erred by denying him the right to elicit testimony concerning “his
rehabilitation through his dedication to God, for the jury’s consideration in
assessing punishment.”  During Fruge’s direct examination, defense counsel
asked him, “Given your age and the verdict, you know, you will have an
opportunity to come back to society.  Can you tell the ladies and gentlemen of
the jury what your intentions are in coming back to society?”  To this, he
said, “Well, since I’ve been incarcerated 22 months, I devoted myself to God.” 
The prosecutor objected to the answer as “nonresponsive,” and the trial court
sustained the objection.

Here, defense counsel asked Fruge what
his “intentions are in coming back to society[.]”  He testified that while
incarcerated for twenty-two months, he “devoted [himself] to God.”  Thus,
Fruge’s answer was nonresponsive to the question because Fruge did not state
what his intentions were in returning to society; rather, he stated that while
incarcerated, he devoted himself to God.  We hold that the trial court did not
abuse its discretion by sustaining the objection.  See id.  Issue four
is overruled.

II. Conclusion

            We affirm the trial court’s judgment.

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

14th day of April,
2011.

 

 

 









[1]
Fruge does not challenge the legal sufficiency of the evidence to support his
conviction.  As this is a memorandum opinion, and the parties are familiar with
the facts, we will not recite them here except as necessary to explain the
Court’s decision and the basic reasons for it.  See Tex. R. App. P. 47.4.