

NUMBER 13-11-00766-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADIEL FUENTES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On appeal from the 117th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion Justice Longoria**

By two issues, appellant Adiel Fuentes appeals his conviction for continuous sexual abuse of a young child and sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2011), § 22.011 (West 2011). We affirm.

Appellant met C.E., the mother of the three child complainants in this case, at a church they both attended in Corpus Christi. Appellant began a romantic relationship with C.E. around the time she divorced her previous husband. One of C.E.'s children, A.E., made an outcry alleging sexual abuse by appellant. Her two sisters later made similar allegations.

A grand jury indicted appellant for continuous sexual abuse of a young child (Count I), aggravated sexual assault of a child (Count II), and sexual assault of a child (Count III). *See id.* §§ 21.02(b), 22.021 (West Supp. 2011), § 22.011. Appellant pleaded not guilty, and the case was tried to a jury. The jury returned a verdict of guilty on Count I and Count III and not guilty on Count II. Appellant elected for the trial court to assess his punishment. The trial court assessed imprisonment for twenty-five years on Count I and imprisonment for five years on Count III. The court ordered the sentences to run concurrently. This appeal followed.[2]

## II. **Analysis**

### A. Exclusion of Witnesses

By his first issue, appellant argues that the trial court erred by refusing to allow character witnesses who only knew appellant from his church to testify. Appellant's argument is based on the following exchange at trial:

> [Counsel]: Is the Court going to exclude testimony from people [appellant's] just known from church?

---

[1] Because this is a memorandum opinion, and the parties are familiar with the facts, we will only recite the facts and law as necessary to apprise the parties of the Court's decision and the reasons for it. *See* TEX. R. APP. P. 47.4.

[2] We twice abated this case: first for appointment of new counsel after appellant's original appointed counsel requested to withdraw, and again when appellant's new counsel failed to file a brief.

[Judge]: Yes. They have to — I read through and it can't be just based on personal knowledge, it has to be —

[Counsel]: No, reputation.

[Judge]: No, I'm not going to exclude it.

[Counsel]: No, okay.

[Prosecutor]: Well, at some point it might be cumulative.

[Judge]: Yeah, but go ahead.

[Counsel]: I don't have that many witnesses and it's not going to take—

[Judge]: Okay.

[Counsel]: — that long

[Judge]: Okay. That's why we'll go through it.

It appears that the trial court did not exclude any of appellant's witnesses. After this exchange, the trial court permitted six further witnesses to testify. Even assuming that the trial court did exclude one or more of appellant's witnesses from testifying, a defendant may not complain of a ruling excluding evidence "unless a substantial right of a party is affected and the substance of the evidence was made known to the court by offer of proof." *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); *see* TEX. R. EVID. 103(a)(2). Appellant nowhere made an offer of proof of the substance of the testimony that the excluded witnesses planned to offer. *See Warner*, 969 S.W.2d at 2. Accordingly, this issue was not preserved for our review.

We overrule appellant's first issue.

3

**B. Ineffective Assistance of Counsel**

By his second issue, appellant contends that he received ineffective assistance of counsel at trial.

**1. Standard of Review and Applicable Law**

We evaluate claims of ineffective assistance under the standards set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Under the *Strickland* standard, appellant must show by a preponderance of evidence that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland*, 466 U.S. at 687; *Jaynes*, 216 S.W.3d at 851. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ex parte Ellis*, 233 S.W.3d 324, 330–31 (Tex. Crim. App. 2007). If an appellant fails to prove one prong of the test, we do not need to address the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

When evaluating the quality of trial counsel's representation, we look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "[A] single egregious error of omission or commission" can constitute ineffective assistance, but the Texas Court of Criminal Appeals has been hesitant to designate any particular error as per se ineffective assistance. *Id.* We apply "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."

*Id.* Allegations of ineffectiveness must therefore be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id. (*citing *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996))*.* Direct appeal is usually inadequate to make an ineffectiveness claim because the record is frequently undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). This is especially true where the claimed error is one of omission and "counsel's reasons for failing to do something do not appear in the record." *Id.* The Texas Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Unless counsel had an opportunity to explain his trial strategy, Texas appellate courts should "not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed,* 187 S.W.3d at 392 (citing *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

### 2. Discussion

Appellant argues that his trial counsel performed deficiently by failing to request a jury instruction on Count I for the lesser-included offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). However, "[d]efense counsel does not act deficiently in failing to request a lesser-included offense if he was pursuing an all-or-nothing trial strategy." *Shanklin v. State*, 190 S.W.3d 154, 161 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd) (citing *Ex parte White*, 160 S.W.3d 45, 55 (Tex. Crim. App. 2004)). Trial counsel's reasons for not requesting an instruction on a lesser-included

offense do not appear in the record.[3] *See Rylander*, 101 S.W.3d at 111. Because trial counsel could have been pursuing an all-or-nothing trial strategy in not asking for an instruction on a lesser-included offense for Count III, we conclude that appellant has failed to show that trial counsel performed deficiently. *See Garcia,* 57 S.W.3d at 440 (observing that appellate courts "will commonly assume a strategic motivation if any can possibly be imagined" when reviewing an attorney's failure to do something). Because appellant is unable to show that his trial counsel performed deficiently, we need not consider the second prong of the *Strickland* test. *See id.*

We overrule appellant's second issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

_/s/Nora L. Longoria_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2013.

---

[3] Appellant filed a motion for new trial alleging ineffective assistance of counsel, but the motion only makes a bald claim that counsel was ineffective for not requesting an instruction on the lesser-included offense. The motion does not describe counsel's trial strategy, and there was no hearing on the motion where counsel could have described his intentions.

6