

# NUMBER 13-23-00277-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DARIN JOHNSON**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 14
## OF BEXAR COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Darin Johnson was convicted by a jury of assault causing bodily injury, a class B misdemeanor, and was sentenced to one year in county jail, suspended for two years of community supervision. *See* TEX. PENAL CODE ANN. § 25.11(a). By one issue,

Johnson argues that her constitutional rights were violated when the trial court "constrain[ed her] cross-examination of [a] witness." We affirm.

## I. BACKGROUND[1]

Johnson was charged by complaint with assault causing bodily injury. Trial consisted solely of the complainant's testimony. Mark Clanton, the complainant, testified that he taught special education for fifteen years after retiring from the Air Force. He explained that he has lived in his current home since 2002 and that Johnson moved next door to him in 2019. Clanton explained that on September 19, 2021, his wife "called for [his] assistance" because Johnson had been removing tree limbs from his trees over his fence. He stated that Johnson had done that in the past when he and his wife were not home. Clanton stated that he then began to record Johnson "cutting [his] trees and violating the property line." The video was admitted into evidence without objection. On the video, Johnson is seen on her side of the fence cutting down branches from a tree in Clanton's yard. Johnson then, noticing Clanton recording her, swings a saw at his phone two times. According to Clanton, the first swing struck his phone and the second swing "raked across the back of [his] hand." The saw cut open his hand, causing him to bleed. He stated he was "shocked" that she had done that. He was concerned at the time because he was on blood thinners after recent triple bypass surgery. A photograph taken by either Clanton or his wife of the cut across the back of Clanton's hand was admitted into evidence. He testified that the cut came from Johnson striking him with the saw.

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

On cross-examination, Clanton explained that the portion of the video shown was not the full video. A still shot from the longer video was admitted into evidence where Clanton testified that he could see no injury to his hand from that angle. The timestamp on the video shows that it was after the incident when Johnson swung the saw at him. He said Johnson wanted the trees cut down because when they blossomed, the flowers fell into her pool. He agreed that the type of tree he had in his yard could "dangle down" over the fence line into Johnson's yard but that she reached across the property line to cut his tree branches down. Clanton agreed that he and Johnson did not get along. After the incident, Clanton did not seek medical attention, but he did call the police.

On re-direct, the longer video was admitted and shown to the jury. In the video, Clanton can be heard telling his wife that he was bleeding after Johnson struck him with the saw.

The jury found Johnson guilty, and punishment was assessed as described above. This appeal followed.

## II.    DISCUSSION

Johnson's sole complaint on appeal is that she was denied the right to fully present her defense when she was unable to question Clanton regarding previous incidents between herself and the Clantons which she argues would have exposed Clanton's bias.

## A.    Standard of Review & Applicable Law

We review a trial court's decision to limit cross-examination for an abuse of discretion. *Walker v. State*, 300 S.W.3d 836, 843 (Tex. App.—Fort Worth 2009, pet. ref'd). The trial court abuses its discretion when its decision goes beyond the zone of reasonable disagreement. *See id.*

Relevant evidence is generally admissible. *See* Tex. R. Evid. 402. Any possible bias or attack on the credibility of a witness is always relevant. *See Billodeau v. State*, 277 S.W.3d 34, 42–43 (Tex. Crim. App. 2009). Thus, trial courts should give defendants "great latitude to reveal any relevant facts that reflect on the credibility of the witness." *Walker*, 300 S.W.3d at 844; *see Johnson v. State*, 433 S.W.3d 546, 551 (Tex. Crim. App. 2014) ("[I]t is not within a trial court's discretion to prohibit a defendant from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." (internal quotations omitted)). However, it is still within the trial court's authority to impose reasonable limits on cross-examination. *See Johnson*, 433 S.W.3d at 552; *Billodeau*, 277 S.W.3d at 42–43 ("[T]he defendant is entitled, subject to reasonable restrictions, to show any relevant fact that might tend to establish ill feeling, bias, motive, interest, or animus on the part of any witness testifying against him."); *Walker*, 300 S.W.3d at 844–45 ("[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985))). For example, a trial court may limit cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant." *Walker*, 300 S.W.3d at 845 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

## B.    Analysis

We first address the State's argument that Johnson has waived this issue. The State argues that Johnson failed to make an offer of proof or seek reconsideration of the granted motion in limine. Before trial began, a motion in limine was filed by the State,

wherein, the State requested that counsel approach and obtain a ruling on admissibility regarding certain testimony relating to prior instances of conflict between Johnson and Clanton's wife and an ongoing civil suit between Johnson and the Clantons related to their property lines. The trial court granted the motion and asked the parties to approach before broaching those topics. A ruling on a State's motion in limine that excludes defense evidence is subject to reconsideration throughout trial and to preserve error an offer of the evidence must be made at trial. *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

During Clanton's cross-examination, Johnson's attorney attempted to question Clanton regarding the discord between Johnson and Clanton's wife, and the following exchange occurred:

[Defense Counsel]: Mr. Clanton, would it be fair to say you and Ms. Johnson don't get along?

[Clanton]: That's more than fair.

[Defense Counsel]: Okay. And I am not asking you to speak for your wife, but you live with the woman. She doesn't get along with Ms. Johnson either?

[The State]: Objection, Your Honor. This is speculation and also is irrelevant. We are here today because Ms. Darin Johnson allegedly assaulted Mr. Mark Clanton, not his wife.

[The Court]: I will sustain the objection. Next question.

To adequately and effectively preserve error in a trial court's exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. *See* TEX. R. EVID. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). The purpose of the offer of proof is

5

to show what the witness's testimony would have been; otherwise, there is nothing before the appellate court to show reversible error in the trial court's ruling. *See Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984); *see also Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Error may be preserved by an offer of proof in question-and-answer form or in the form of a concise statement by counsel. *See* TEX. R. EVID. 103(b); *Mays*, 285 S.W.3d at 889–90; *Warner*, 969 S.W.2d at 2. Counsel's concise statement "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Mays*, 285 S.W.3d at 889–90 (quoting *Warner*, 969 S.W.2d at 2). Error is not preserved if the offer of proof is inadequate. *Warner*, 969 S.W.2d at 2. "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Mays*, 285 S.W.3d at 890 (quoting STEVEN GOODE, ET AL., 1 TEXAS PRACTICE–GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 103.3 (2d ed.1993)).

Here, Johnson did not make an offer of proof setting forth the substance of the proffered evidence as required. As such, we hold that Johnson did not preserve her complaint for appeal. *See id.* at 891.

However, even assuming that the substance of the excluded evidence would be apparent from the context of the questions asked, *see Mays*, 285 S.W.3d at 889, the trial court did not err in excluding the testimony. Johnson argues that limiting her cross-examination of Clanton regarding the discord between Johnson and the Clantons limited

6

her ability to "confront her accuser regarding his bias and motive as a witness." We disagree. Johnson was able to ask Clanton specifically about his relationship with Johnson, and she did so. He admitted that he did not have an amicable relationship with Johnson and stated that this was not their first confrontation. Johnson was limited in asking questions about Clanton's wife, who was not a witness. "[T]he trial court retains wide latitude to impose reasonable limits on such cross-examination 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant.'" *Johnson v. State*, 490 S.W.3d 895, 907 (Tex. Crim. App. 2016) (quoting *Van Arsdall*, 475 U.S. at 679). Because the dispute at issue involved Clanton and Johnson and not Clanton's wife, the trial court was within its discretion to limit Johnson's cross-examination to that which was relevant to the issue before the jury: whether Johnson assaulted Clanton causing bodily injury. Johnson's sole issue is overruled.

## III.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of August, 2024.